United States Court of Appeals,

Fifth Circuit.

No. 94-41226.

Harold BULGER, Plaintiff-Appellant,

v.

UNITED STATES BUREAU OF PRISONS, et al., Defendants-Appellees.

Sept. 26, 1995.

Appeal from the United States District Court for the Eastern District of Texas.

Before SMITH, BARKSDALE and BENAVIDES, Circuit Judges.

JERRY E. SMITH, Circuit Judge:

Harold Bulger ("Bulger") appeals the summary dismissal of his federal prisoner's *Bivens*[1] suit. Bulger contends that he was deprived of a liberty or property interest when he was removed from his prison job. Because we determine that a prisoner has no liberty or property interest in his job assignment, we affirm.

I.

Bulger, a prisoner at the Texarkana Federal Correctional Institution, sued the United States Bureau of Prisons and various federal officials, alleging that he was denied due process in the manner in which he was terminated from his Federal Prison Industries (UNICOR) job assignment. According to Bulger's complaint, he received a UNICOR work assignment in the shipping office on June 13, 1991. On July 13, 1992, he asked to be reassigned to another position in the shipping office that had

---

[1]*Bivens v. Six Unknown Named Agents,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

1

recently become vacant. Shipping Office Supervisor Jim Smith denied this request, presented Bulger with a poor work performance evaluation, and told Bulger that he was being dismissed from UNICOR. Bulger refused to sign the "grossly dishonest evaluation." On July 16, Bulger contacted Quality Assurance Manager Bill Hall and Assistant Factory Manager Bobby Jackson, both of whom told him that there were no other UNICOR jobs available.

Bulger was removed from UNICOR work status and was reassigned to an institutional job in Food Service. The following week, other inmates received UNICOR work assignments, including an assignment in the shipping office. Bulger alleges that his firing was unjustified and undertaken without the knowledge and approval of his unit team, in violation of the regulations and his due process rights.

The defendants moved for dismissal pursuant to FED.R.CIV.P. 12(b)(6) for failure to state a claim for relief, or alternatively for summary judgment, arguing, *inter alia*, that job assignments are matters within the sound discretion of prison administrators. Bulger filed a cross-motion for summary judgment. The magistrate judge issued a report recommending that the motion to dismiss be granted because Bulger had no constitutionally protected interest in a UNICOR job. The district court adopted the report and recommendation of the magistrate judge over Bulger's objections and dismissed the action with prejudice.

II.

Although the magistrate judge's report discussed the parties'

2

summary judgment motions, it disposed of Bulger's claims under FED.R.CIV.P. 12(b)(6), without reference to evidence from outside the pleadings. *Cf. Balogun v. INS,* 9 F.3d 347, 352 (5th Cir.1993) (decision disposing of party's claim by reference to evidence outside the pleadings construed as grant of summary judgment). We review *de novo* the dismissal for failure to state a claim. *See Jackson v. City of Beaumont Police Dep't,* 958 F.2d 616, 618 (5th Cir.1992). The motion may be granted only if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations. *Id.*

Prisoner classification and eligibility for rehabilitation programs in federal prisons are not directly subject to "due process" protections. *Moody v. Doggett,* 429 U.S. 78, 88 n. 9, 97 S.Ct. 274, 279 n. 9, 50 L.Ed.2d 236 (1976). Furthermore, prisoners have no constitutionally protected liberty or property interests *per se* in their prison job assignments. *Jackson v. Cain,* 864 F.2d 1235, 1250 (5th Cir.1989) (§ 1983 case).

Bulger, however, contends that the mandatory language of 28 C.F.R. § 345.12(d) (1994) created a liberty or property interest such that his termination from his UNICOR assignment, without the approval of his unit team and in violation of that regulation, constitutes a denial of due process. Section 345.12(d) states: "The Superintendent of Industries may recommend to an inmate's unit team an inmate's dismissal from UNICOR. The Superintendent of Industries may not independently remove an inmate from UNICOR work status."

3

Bulger's attempt to locate a protected liberty interest based upon the mandatory language of § 345.12(d) is misplaced. In *Sandin v. Conner,* --- U.S. ----, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), the Court employed a new methodology for determining whether prison regulations on confinement of an inmate create a liberty interest. Rather than relying on the language of the regulations for mandatory language and substantive predicates, *cf. Hewitt v. Helms,* 459 U.S. 460, 471-72, 103 S.Ct. 864, 871-72, 74 L.Ed.2d 675 (1983), the Court focused on the discipline imposed and determined that the defendant's confinement to disciplinary segregation for a period of thirty days did not "present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest." --- U.S. at ----, 115 S.Ct. at 2301.

Bulger's termination from his UNICOR job and reassignment to a non-UNICOR job did not impose an atypical and significant hardship on him in relation to the ordinary incidents of prison life. Although he complains of losing extra good-time credits, Bulger merely lost the ability to accrue such credits automatically.[2] Thus, his situation does not present a case in which the complained-of action "will inevitably affect the duration of his sentence." *See Conner,* --- U.S. at ----, 115 S.Ct. at 2302. No liberty interest is at issue.

---

[2]Pursuant to 18 U.S.C. § 4162 and 28 C.F.R. § 523.14, inmates assigned to UNICOR jobs automatically accrue extra good-time credits, which inmates assigned to non-UNICOR jobs do not automatically accrue, although they may earn such credits, upon recommendation by the prison staff, by performing "exceptionally meritorious" service. 18 U.S.C. § 4162, 28 C.F.R. § 523.11.

While, in the wake of *Conner,* prisoners may no longer peruse statutes or prison regulations searching for mandatory language on which to base a due process liberty claim, *Conner* did not instruct on the correct methodology for determining when prison regulations create a protected property interest.  Nonetheless, this law is well established.  In *Board of Regents v. Roth,* 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972), the Court stated that to have a property interest in a benefit, a person must have more than a unilateral expectation of it.  Rather, he must "have a legitimate claim of entitlement to it."  *Id.*

Courts of appeals consistently have held that an inmate's expectation of keeping a specific prison job, or any job, does not implicate a protected property interest.[3]  Furthermore, two circuits have held that federal prisoners have no property interest in their UNICOR job assignments.[4]

---

[3]*See, e.g., Coakley v. Murphy,* 884 F.2d 1218, 1221 (9th Cir.1989) (holding that inmates have no protected property interest in continuing in work-release program);  *Flittie v. Solem,* 827 F.2d 276, 279 (8th Cir.1987) (opining that inmates have no constitutional right to be assigned to a particular job);  *Ingram v. Papalia,* 804 F.2d 595, 596 (10th Cir.1986) (concluding that the Constitution does not create a property interest in prison employment);  *Adams v. James,* 784 F.2d 1077, 1079 (11th Cir.1986) (stating that assignment to job as law clerk does not invest inmate with a property interest in continuation as such;  *Gibson v. McEvers,* 631 F.2d 95, 98 (7th Cir.1980) (holding that prisoner's expectation of keeping prison job does not amount to a property interest subject to due process protection);  *Bryan v. Werner,* 516 F.2d 233, 240 (3d Cir.1975) (reasoning that inmate's expectation of keeping job is not a property interest subject to due process protection).

[4]*See James v. Quinlan,* 866 F.2d 627, 629-30 (3d Cir.), *cert. denied,* 493 U.S. 870, 110 S.Ct. 197, 107 L.Ed.2d 151 (1989);  *Garza v. Miller,* 688 F.2d 480, 485-86 (7th Cir.1982), *cert. denied,* 459 U.S. 1150, 103 S.Ct. 796, 74 L.Ed.2d 1000 (1983).

Accordingly, we now join the other circuits in holding that a prisoner does not have a legitimate claim of entitlement to continuing UNICOR employment.  The regulation relied upon by Bulger is procedural and does not place substantive restrictions on the authority of prison officials to remove an inmate from UNICOR. Thus, any expectation that Bulger might have had in keeping his UNICOR prison job does not amount to a property interest entitled to due process protection.  Accordingly, the judgment of dismissal is AFFIRMED.[5]

---

[5]On appeal, Bulger raises four additional issues that, under the facts and circumstances of this case, are totally without merit, and we decline to discuss them:  (1) the district court's alleged "premature dismissal" by adopting the magistrate's recommendation and report;  (2) prison officials' alleged "vindictive and malicious" actions in transferring Bulger;  (3) Bulger's alleged failure to receive certain court papers;  and (4) his alleged inability to raise certain matters in the district court.