**Jouett Edgar ARNEY, Fred E. Baker, Robert Bookless, and Gary Lee McColpin, Plaintiffs,**

v.

**Charles E. SIMMONS, Defendant.**

No. 95–3036–DES.

United States District Court, D. Kansas.

April 8, 1996.

Kirk W. Lowry, Palmer & Lowry, Topeka, KS, Lynette F. Petty, John F. Carpinelli, Todd R. Stramel, Jeffrey D. Wicks, Washburn University School of Law, Topeka, KS, Stephen M. Kirschbaum, Wyandotte–Leavenworth Legal Services, Kansas City, KS, for Jouett Edgar Arney.

Kirk W. Lowry, Palmer & Lowry, Topeka, KS, Lynette F. Petty, John F. Carpinelli, Todd R. Stramel, Jeffrey D. Wicks, Washburn University School of Law, Topeka, KS, for Fred E. Baker, Robert A. Bookless, Gary A. McColpin.

Janie M. Hulser, Topeka Correctional Facility, Topeka, KS, Pro Se.

Tonnette Lawhorn, Dallas, TX, Pro Se.

Dawn Dale, Topeka Correctional Facility, Topeka, KS, Pro Se.

Stephanie Stewart, Topeka Correctional Facility, Topeka, KS, Pro Se.

Mary Middleton, Topeka Correctional Facility, Topeka, KS, Pro Se.

Mary Skinner, Topeka Correctional Facility, Topeka, KS, Pro Se.

Jody Craddock, Topeka Correctional Facility, Topeka, KS, Pro Se.

Donna Tanksley, Topeka Correctional Facility, Topeka, KS, Pro Se.

Lowell H. Listrom, Kansas City, MO, Pro Se.

Karmaletha R. Brown, Topeka Correctional Facility, Topeka, KS, Pro Se.

April M. Clay, Topeka Correctional Facility, Topeka, KS, Pro Se.

Lesa Morton, Topeka Correctional Facility, Topeka, KS, Pro Se.

Andrea Jennings, Topeka Correctional Facility, Topeka, KS, Pro Se.

Willie Nero, Lansing, KS, Pro Se.

Dennis Lee Soper, Lansing, KS, Pro Se.

Willie Robinson, Lansing, KS, Pro Se.

Derick Chappell, Lansing, KS, Pro Se.

David L. Fletcher, Lansing, KS, Pro Se.

Roy E. Humphry, Lansing, KS, Pro Se.

Wayne L. Morris, Lansing, KS, Pro Se.

Dennis (nmi) House, Lansing, KS, Pro Se.

Elton D. Garrett, Lansing, KS, Pro Se.

Rose M. Arney, Jersey City, NJ, Pro Se.

Carl Kemp, Kansas State Penitentiary, Lansing, KS, Pro Se.

John Waldo Jones, Hutchinson Correctional Facility, Hutchinson, KS, Pro Se.

Rose Mary Maberry, Pro Se.

Brian L. Brown, Hutchinson, KS, Pro Se.

Richard Arlen Miller, Hutchinson Correctional Facility, Hutchinson, KS, Pro Se.

Ervin Triplett, New Hampshire State Prison, Concord, NH, Pro Se.

Artis T. Kato, Rahway, NJ, Pro Se.

Lee Coleman, Delta Regional Unit, Dermott, AR, Pro Se.

George Arce, Fallsburg, NY, Pro Se.

Mark Miller, Lansing, KS, Pro Se.

Melvin Romero, Pro Se.

Kirk W. Lowry, Palmer & Lowry, Topeka, KS, Lynette F. Petty, Washburn University School of Law, Topeka, KS, for Fred E. Baker, Robert A. Bookless, Gary A. McColpin.

Michael C. Cavell, Michael D. Moeller, William R. Drexel, Southwestern Bell Telephone Co., Topeka, KS, Michael G. Smith, Southwestern Bell Telephone Co., St. Louis, MO, for Southwestern Bell Telephone Company.

Stewart L. Entz, Entz & Chanay, Topeka, KS, William K. Waugh, III, John L. Vratil, William G. Howard, Lathrop & Gage L.C., Overland Park, KS, for American Telephone & Telegraph Co.

Lisa J. Henoch, Bryan Cave L.L.P., Kansas City, MO, Donna M. Roberts, MCI Telecommunications, Washington, DC, Loren W. Moll, Bryan Cave L.L.P., Overland Park, KS, for MCI Telecommunications Corporation.

Linden G. Appel, Kansas Department of Corrections, Topeka, KS, for Kansas Secretary of Corrections, Charles E. Simmons.

## ORDER

SAFFELS, Senior District Judge.

Four plaintiffs confined in Lansing Correctional Facility in Lansing, Kansas, proceed with appointed counsel on a civil rights complaint filed pursuant to 42 U.S.C. § 1983, in which they allege constitutional error in a proposed method for providing telephone access to inmates at the facility. The Secretary of Corrections for the State of Kansas is the sole defendant.

Before the court is plaintiffs' motion for preliminary and permanent injunctive relief (Doc. 127) regarding defendant's management of funds from an inmate benefit account that is funded with moneys generated by inmate telephone calls. Plaintiffs seek to enjoin defendant from authorizing allegedly improper expenditures from this fund, and to enjoin defendant from diverting future funding from this inmate benefit account. Having reviewed the briefs and the arguments presented at the hearing on plaintiffs' motion, the court enters the following findings and order.

The fund at issue is a Department of Corrections Inmate Benefit Fund ("DOC–IBF"), established in 1990, that is primarily funded with commissions paid by the long distance telephone company providing service on inmate calls to numbers outside the area code of the inmate's confinement.[1] The DOC–IBF is authorized by state statute, K.S.A. 75–3728e, and over $1 million currently flows into this fund each year. The statute, as amended in 1993, defines the fund as monies or assets that are available

"(1) To provide property, services or entertainment for persons ... in the legal custody of the secretary of corrections;

(2) to provide incentives for program and work participation and performance and other activities related to offender management for persons in the legal custody of the secretary of corrections; or

(3) for other purposes that benefit persons in ... the legal custody of the secretary of corrections."

K.S.A.1995 Supp. 75–3728e(c). Another state statute also dictates that "No ... benefit fund shall be operated contrary to the provisions of this act ..." K.S.A.1995 Supp. 75–3728i.

Plaintiffs claim this state law and related state regulations require that moneys in the DOC–IBF be used only to benefit inmates. They point to the use of the fund to pay for the Victim Notification Program ("VNP")[2] and Capture Stations[3] as instances in which the fund is being spent for unauthorized purposes. Plaintiffs also claim defendant is improperly threatening to divert future telephone commissions from the DOC–IBF if expenditures of this fund are to be restricted as plaintiffs maintain.

### Standards

▮ To obtain injunctive relief, the moving party must establish: (1) the movant will suffer irreparable injury unless the injunction issues; (2) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; (3) the injunction, if issued, would not be

1. Not at issue are the inmate benefit funds at each facility ("Facility–IBF") which are funded by canteen and vending machine sales, inmate fines, and commissions paid by the long distance telephone company for inmate calls within the same area code as the inmate's confinement.

   Also not at issue are personal inmate accounts which contain an inmate's pay and any outside support. See e.g., Gillihan v. Shillinger, 872 F.2d 935 (10th Cir.1989) (recognizing protected interest in inmate's individual prison accounts).

2. Under the Victim Notification Program, crime victims are notified of any change in the offending inmate's status. This includes notification of when an inmate is to be considered for parole, as well as an inmate's assignment to community corrections or work release programs. The parties indicate the funding for the two VNP employees runs between $40,000 and $80,000 a year.

3. Capture Stations are video imaging systems costing approximately $25,000 each, and consisting of a computer capable of generating an inmate identification card that contains a computer generated photo and encoded information specific to the inmate. For fiscal years 1995 and 1996, approximately $150,000 was spent on the DOC's video imaging—capture station project.

adverse to the public interest; and (4) substantial likelihood that the movant will succeed on the merits. *Lundgrin v. Claytor,* 619 F.2d 61, 63 (10th Cir.1980); *see also SCFC ILC, Inc. v. Visa USA, Inc.,* 936 F.2d 1096, 1098 (10th Cir.1991). If the first three standards are met or assumed for the purpose of deciding a motion for injunctive relief, the likelihood of success requirement is satisfied if the moving party shows there are serious, substantial, and difficult questions regarding the merits of the moving party's claim that make the issue ripe for litigation and deserving of more deliberate investigation. *City of Chanute v. Kansas Gas and Elec. Co.,* 754 F.2d 310, 314 (10th Cir.1985).

■ Also, "when due process contentions are raised relative to the operation, maintenance and administration of the penal system, the courts should be acutely aware that caution must be exercised in achieving a careful balance of the interest of that system as against the interests of the prisoners." *Marchesani v. McCune,* 531 F.2d 459, 461 (10th Cir.) (citations omitted), *cert. denied,* 429 U.S. 846, 97 S.Ct. 127, 50 L.Ed.2d 117 (1976).

*Discussion*

■ To allege a valid § 1983 claim, a plaintiff must assert the denial of a right, privilege or immunity that is secured by federal law. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 150, 90 S.Ct. 1598, 1604, 26 L.Ed.2d 142 (1970); *Hill v. Ibarra,* 954 F.2d 1516, 1520 (10th Cir.1992). Thus for plaintiffs to proceed under § 1983 on their allegation of error in defendant's management of the DOC–IBF, the error must be of constitutional dimension. Plaintiffs essentially claim defendant's expenditures for VNP and Capture Station programs constitute an unauthorized taking of plaintiffs' property which denies plaintiffs due process as guaranteed under the Fourteenth Amendment.

■ Under the Fourteenth Amendment, individuals are entitled to due process if the state deprives them of a liberty or property

interest that is protected by the Constitution. *Kentucky Department of Corrections v. Thompson,* 490 U.S. 454, 460, 109 S.Ct. 1904, 1908, 104 L.Ed.2d 506 (1989). Thus the first step in analyzing a procedural due process claim is identifying whether the alleged deprivation impacts such a protected interest. Plaintiffs, therefore, must demonstrate they have a protected interest in the challenged fund.

■ The United States Constitution does not create a protected interest in property. *Board of Regents of State Colleges v. Roth,* 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972). Protected property interests "stem from an independent source, such as state law—rules or understanding that secure certain benefits and that support claims of entitlement to those benefits." *Id.* In the present case, plaintiffs claim state law establishes a legitimate expectation that all DOC–IBF expenditures must directly benefit inmates. *See e.g., Gillihan v. Shillinger,* 872 F.2d 935, 939 (10th Cir.1989) (protected property interest in personal inmate account where statutes created legitimate expectation that money not used for specified reasons would be returned to inmate's account). The court does not agree.

■ State law creates a protected interest if mandatory language in the law substantively restricts the discretion of state officials. *Hewitt v. Helms,* 459 U.S. 460, 103 S.Ct. 864, 74 L.Ed.2d 675 (1983).[4] The state statute at issue in the present case, however, does not contain such mandatory directives.

Prior to the 1993 amendment, the statute defined a benefit fund only as moneys available "to provide property, services or entertainment for persons in a state institution." K.S.A. 75–3728e(c). In the 1993 amendment, the Kansas Legislature significantly expanded that definition to include "offender management" as an alternative use of moneys from any benefit fund. K.S.A.1995 Supp. 75–3728e(c)(2). The amendment also provided that moneys from any benefit fund alterna-

4. Although this approach has been abandoned in assessing whether a protected *liberty* interest in a prison setting is involved, *Sandin v. Conner,* — U.S. —, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), *Sandin* has not been extended to the examination of state law for the creation of a protected property interest. *Bulger v. U.S. Bureau of Prisons,* 65 F.3d 48, 50 (5th Cir.1995).

tively could be used "for other purposes that benefit persons" in DOC custody. K.S.A. 1995 Supp. 75-3728e(c)(3). Given the plain language and alternative construction of the amended statute, no reasonable reading gives rise to a legitimate expectation that all expenditures from an inmate benefit fund must in some way directly benefit inmates.

The same alternative construction appears in the state regulation that addresses the use of inmate benefit funds.[5] A plain reading of that regulation indicates a broad and expansive purpose for such funding, and does not lead the reader to a conclusion that expenditures from DOC–IBF are constrained or restricted in the manner necessary for establishing a protected interest in disbursements therefrom.

The court rejects plaintiffs' broad claim that a protected interest in the DOC–IBF fund is created by the fact that monies in the fund are generated by their payment for inmate telephone calls. For reasons not stated in the record, charges to inmates and their families for inmate telephone calls are set at a level that allows for the return to DOC–IBF of approximately $1 million a year. However, plaintiffs' attempt to characterize these costs for telephone services as equivalent to prison wages and outside funding deposited directly into an inmate's individual account is not sound.

Plaintiffs also argue injunctive relief is necessary to prevent DOC–IBF funds being used for security purposes. For support, plaintiffs point to *Washington v. Reno*, 35 F.3d 1093 (6th Cir.1994), where the district court properly granted a preliminary injunction to enjoin prison officials from using commissary funds to help finance the installation and operation of a new phone system in federal prisons. In that case, however, the challenged expenditures of the commissary fund were seen to be in direct conflict with a specific federal statute requiring prison security costs to be funded from the United States Treasury. No such statutory restriction is identified or discerned in the Kansas statutes.

Finding plaintiffs have not made the requisite threshold showing that they have any protected interest in the DOC–IBF, the court concludes plaintiffs are entitled to neither preliminary or permanent injunctive relief on their due process claim.

Plaintiffs' request for an order enjoining defendant from diverting future telephone commission funding from the DOC–IBF also is denied. Plaintiffs point to a stipulation of the parties stating that counsel for defendant informed counsel for plaintiffs "that if the Plaintiffs sought to enjoin the use of the Inmate Benefit Fund, the Department of Corrections would stop funding the benefit fund from telephone commissions and use the specific legislative appropriation process for all expenditures previously made from that fund." Second Stipulations of the Parties (Doc. 137), p. 5.

The court considers this stipulation in light of the testimony provided by defendant during the hearing on April 4, 1996, and concludes this "threat" to divert funding is no more than defendant's indication that he intends to preserve his ability to use telephone commission funding to continue programs currently financed by the DOC–IBF.

Finding no merit to plaintiffs' claim that they are deprived their right to due process under the Fourteenth Amendment, the court denies plaintiffs' motion for injunctive relief. The court's findings are limited to the sole issue of whether plaintiffs are entitled to such relief, under § 1983, regarding defendant's management and funding of the DOC–IBF. The court does not decide any issue regarding defendant's compliance with state law. *See Pennhurst v. Halderman*, 465 U.S.

---

5. Prior to 1993, Internal Management Policy and Procedure ("IMPP") 4–104 stated that "expenditures from an Inmate Benefit Fund shall be made only for articles of merchandise, services, and construction/renovation projects that are accessible to and of direct benefit to the inmate population."

Effective January 7, 1995, this IMPP was modified to read: "Inmate Benefit Fund expenditures shall be for incentives for program and work participation/performance and other activities related to offender management, *and/or* for articles of merchandise, services, and construction/renovation projects that are accessible to and of direct benefit to offenders in the custody of or under the supervision of the Department" (emphasis added).

89, 106, 104 S.Ct. 900, 911, 79 L.Ed.2d 67 (1984) (federal court barred from entering prospective injunctive relief against a state official on the basis of state law); *Urbano v. Board of Managers of New Jersey State Prison,* 415 F.2d 247 (3rd Cir.1969) (abstention required on claims alleging mismanagement of inmate trust fund).

IT IS THEREFORE ORDERED that plaintiffs' motion for injunctive relief (Doc. 127) is denied.