**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 96-30515
SUMMARY CALENDAR

CHARLES W. CLARKE,

Plaintiff-Appellant,

VERSUS

RICHARD L. STALDER, Secretary at Dep't of Corrections; ED DAY,
Warden at Washington Correctional Institute; JIMMY MILLER, Asst.
Warden, Washington Correctional Institute; CRAIG THOMAS, Washington
Correctional Institute; MAJOR DUNAWAY, Washington Correctional
Institute; JUDITH RABORN, formerly known as Judith Phelps,

Defendants-Appellees.

Appeal from the United States District Court
For the Eastern District of Louisiana

(95-CV-2644)

November 26, 1996

Before WISDOM, KING, and SMITH, Circuit Judges

PER CURIAM:[*]

The plaintiff, Charles W. Clarke, challenges the district

court's grant of summary judgment for the defendants and dismissal

---

[*]Pursuant to Local Rule 47.5, the court has determined that this
opinion should not be published and is not precedent except under
the limited circumstances set forth in Local Rule 47.5.4.

of his claim under 42 U.S.C. § 1983.    This court reviews a district court's grant of summary judgment *de novo*.[1]

The plaintiff asserts two claims in the present case.  First, he maintains that he was denied procedural due process because, during a discliplinary hearing, prison officials relied on unreliable drug test evidence and did not allow the plaintiff to be retested.  This denial, he asserts, caused him to be transferred to a working cell block, deprived him of his trusty status, and deprived him of his job placement.  Second, the plaintiff asserts that, contrary to his experience, two similarly situated inmates were allowed to take retests.  The plaintiff asserts that this action denied him equal protection under the law, in contravention of the fourteenth amendment.

## A.   *Due Process*

In order to state a claim under § 1983 for violation of the

---

[1]   *Weyant v. Acceptance Ins. Co.*, 917 F.2d 209, 212 (5th Cir. 1990).

due process clause of the fourteenth amendment, a litigant must show that he has "asserted a recognized 'liberty or property' interest within the purview of the Fourteenth Amendment, and that he was intentionally or recklessly deprived of that interest, even temporarily, under color of state law".[2] In analyzing an alleged due process violation in a prison context, this court is guided by the Supreme Court's recent decision in *Sandin v. Conner*.[3] There, the Court held that a prisoner's liberty interest is "generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the due process clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life".[4] *Sandin* determined that administrative confinement standing alone did not present an

---

[2] *Griffith v. Johnston*, 899 F.2d 1427, 1435 (5th. Cir. 1990)(internal citations omitted).

[3] 515 U.S. ___, 115 S.Ct. 2293, 132 L. Ed. 2d 418 (1995).

[4] *Id.* at 115 S.Ct. at 2300.

"atypical, significant deprivation" which gives rise to a protected liberty interest.[5]

In the light of *Sandin*, the fact that Clarke was placed in administrative segregation does not entitle him to procedural due process safeguards. Similarly, his assignment to a working cell block and loss of a job assignment fall within the expected parameters of his sentence and do not present the type of atypical, significant deprivation addressed in *Sandin*.[6] To the extent that the plaintiff alleges that his disciplinary record will affect his parole consideration, this allegation is too attenuated to establish a liberty interest.[7]

**B. Equal Protection**

The plaintiff asserts that other inmates similarly situated

---

[5] *Id.* at 2301.

[6] See *Bulger v. U.S. Bureau of Prisons*, 65 F.3d 48, 49 (5th Cir. 1995) ("prison classification and eligibility for rehabilitation programs are not directly subject to 'due process' protections")

[7] See *Sandin*, 515 U.S. at ___, 115 S.Ct. at 2301.

were retested, while the plaintiff was denied such a retest.

Aside from classifications that disadvantage a "suspect class",[8] or a quasi-suspect class,[9] equal protection claims are analyzed under the rationality test.[10] Under the rationality test, the state action need bear only a rational relationship to a legitimate state interest to be sustained.[11]

The defendants do not dispute that the other inmates were retested. They assert, however, that only inmates whose initial results were inconclusive receive a retest. Although the plaintiff asserts that no inconclusive reading is possible, he has failed to substantiate this claim. Similarly, the plaintiff has offered no proof of discriminatory intent on the part of prison officials.[12]

---

[8] See *Plyler v. Doe*, 457 U.S. 202, 216-17, 102 S.Ct. 2382 (1982) (applying 'strict scrutiny').

[9] *Id.* at 218, 102 S.Ct 2382.

[10] *Regan v. Taxation with Representation of Washington*, 461 U.S. 540, 547, 103 S.Ct. 1997 (1983).

[11] *Plyler*, 457 U.S. at 216, 102 S.Ct. 2382.

[12] See *Woods v. Edwards*, 51 F.3d 577, 580 (5th Cir. 1995).

Accordingly, the plaintiff's equal protection argument fails.

For the foregoing reasons, the judgment of the district court

is **AFFIRMED**.