IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-10307
Summary Calendar
_____


GARY NORMAN KETZEL,

                                        Plaintiff-Appellant,

versus

ROLDAN TREVINO, also known as S. Trevino; MIKE MORROW; WINDHAM
INDEPENDENT SCHOOL DISTRICT,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:00-CV-244
--------------------
June 18, 2001

Before JOLLY, SMITH, and DUHÉ, Circuit Judges.

PER CURIAM:[1]

    Gary Norman Ketzel, Texas prisoner # 743036, appeals the district court's dismissal as frivolous of his pro se, in forma pauperis ("IFP") 42 U.S.C. § 1983 civil rights lawsuit. He renews his conclusional argument that the appellees violated his due process rights when they suspended him from participating in a continuing-education program. The district court dismissed the lawsuit based on its determination that Ketzel's suspension did not implicate any constitutional right.

_____

    [1] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

His conclusional assertions notwithstanding, Ketzel has not demonstrated that he had any protectable liberty interest in his education courses, and his due process claim fails. See Sandin v. Conner, 515 U.S. 472, 484 (1995); Madison v. Parker, 104 F.3d 765, 767-68 (5th Cir. 1997); cf. Bulger v. U.S. Bureau of Prisons, 65 F.3d 48, 49 (5th Cir. 1995). The fact that he paid for his education does not alter this result, and Ketzel provides no authority to the contrary.

To the extent that Ketzel contends that he has a liberty interest in the continued right to earn good-time credits through participating in an educational program because it will increase his eligibility for parole, his claim similarly fails. See Malchi v. Thaler, 211 F.3d 953, 957-59 (5th Cir. 2000). His argument that his suspension violated prison procedural rules is not cognizable in a 42 U.S.C. § 1983 lawsuit. See Johnson v. Dallas Indep. Sch. Dist., 38 F.3d 198, 200 (5th Cir. 1994); see also Levitt v. Univ. of Texas at El Paso, 759 F.2d 1224, 1230 (5th Cir. 1985).

Because Ketzel has not demonstrated any constitutional violation arising out of his suspension, his appeal is wholly without merit, is frivolous, and is therefore DISMISSED. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983); 5th Cir. R. 42.2. Both the district court's dismissal of his complaint and this court's dismissal of this appeal count as "strikes" for purposes of 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 385-87 (5th Cir. 1996). Ketzel is CAUTIONED that if he accumulates a third "strike" under 28 U.S.C. § 1915(g), he will not

2

be able to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

APPEAL DISMISSED; THREE-STRIKES WARNING ISSUED.