**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 01-40275

(Summary Calendar)
_____

GEORGE BENJAMIN ROBINSON,

Plaintiff - Appellant,

versus

JERRY SCHILLING; DAVID GNUSCHKE; DOUG KAZ; GERARDI; J HADWIN; ALEX PERREZ,

Defendants - Appellees.

Appeal from the United States District Court
For the Southern District of Texas
USDC No. C-00-CV-238

August 30, 2001

Before JONES, SMITH, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Federal prisoner George Benjamin Robinson appeals the district court's dismissal of his civil

rights claim as frivolous or for failure to state a claim. Robinson renews his claims that his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

termination from his prison job was retaliatory, discriminatory, and violative of his due process rights, as well as his claim that prison officials' failure to intervene on his behalf after he filed grievances about his treatment by his immediate supervisor violated his constitutional rights.[1]

Robinson's claim that his supervisors violated his rights by failing to take any action against his immediate supervisor, Doug Kaz, was properly dismissed as frivolous because Robinson makes no allegation that the supervisors violated any specific constitutional right but appears to base the claim on a theory of respondeat superior, which fails as a matter of law. *See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 395-97 (1991); *see also Abate v. Southern Pacific Transp. Co.*, 993 F.2d 107, 110 (5th Cir. 1993). The district court likewise did not err in dismissing Robinson's due process claim as frivolous because he has no constitutional right to a particular prison job assignment, and he therefore cannot complain of the denial of due process in connection with his termination. *See Bulger v. United States Bureau of Prisons*, 65 F.3d 48, 49-50 (5th Cir. 1995).

Even though he had no constitutional right to his job assignment, Robinson may complain if his termination was the result of retaliation. *See Woods v. Smith*, 60 F.3d 1161, 1165 (5th Cir. 1995). To state a valid claim for retaliation, a prisoner must allege (1) a specific constitutional right; (2) the defendant's intent to retaliate against the prisoner for his exercise of that right; (3) a retaliatory

---

[1] We do not address the following arguments made by Robinson for the first time on appeal: (1) the magistrate judge denied him due process and equal protection at the *Spears* hearing; (2) supervisor Kaz breached prison regulations and violated the Eighth Amendment prohibition against cruel and unusual punishment by harassing him; (3) the search of his cell and confiscation of his legal papers violated his right of access to the courts; and (4) the FBI has begun a covert investigation of him, and the U.S. Attorney's office is operating under a conflict of interest. *See Shanks v. AlliedSignal, Inc.*, 169 F.3d 988, 993 n.6 (5th Cir. 1999); *Burch v. Coca-Cola*, 119 F.3d 305, 319 (5th Cir. 1997).

adverse act; and (4) causation. *McDonald v. Stewart*, 132 F.3d 225, 231 (5th Cir. 1998). To establish causation, "[t]he inmate must produce direct evidence of motivation or, the more probable scenario, allege a chronology of events from which retaliation may plausibly be inferred." *Woods*, 60 F.3d at 1166 (internal quotation omitted). Robinson alleges that Kaz fired him in retaliation for his having exercised his First Amendment right to pursue grievances. However, as the district court concluded, he has not sufficiently pleaded the causation element because he has not alleged a chronology of events from which retaliation may plausibly be inferred. His complaint states that his grievances against Kaz were filed almost eight months before he was fired for making unauthorized copies, that he was reprimanded for doing legal work on the job the week before he was fired, and that it was Alex Perrez, not Kaz, who accused him of making the unauthorized copies which resulted in his termination. These factual allegations fail to establish that Robinson would not have been fired but for Kaz's retaliatory motivation, and the claim was properly dismissed. *See Woods*, 60 F.3d at 1166.

Robinson's equal protection claim, however, was neither frivolous nor failed to state a claim, and the district court erred under 28 U.S.C. § 1915A by dismissing this claim. *See Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999); *McGrew v. Texas Bd. of Pardons & Paroles*, 47 F.3d 158, 160 (5th Cir. 1995). Robinson asserts that he was fired because he is black, that he was not actually caught in the act of making unauthorized copies, and that even if he had been, the offense did not warrant termination because the posted policy stated that unauthorized copying would result in a pay demotion. Robinson further asserts that he was treated differently from a fellow inmate, Stockton, who is white and who received only a pay demotion for making unauthorized copies. These allegations, if proven, could be sufficient to

-3-

establish an equal protection violation. *See Johnson v. Rodriguez*, 110 F.3d 299, 306 (5th Cir. 1997); *Muhammad v. Lynaugh*, 966 F.2d 901, 903 (5th Cir. 1992); *Cunningham v. Beavers*, 858 F.2d 269, 272 (5th Cir. 1988).

Accordingly, the district court's judgment is AFFIRMED IN PART; the dismissal of the equal protection claim is VACATED and REMANDED for further proceedings. Robinson's motion for a preliminary injunction and temporary restraining order is DENIED.

AFFIRMED IN PART; VACATED IN PART, AND REMANDED; MOTION DENIED.