IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-10877
Conference Calendar
_____

EDWARD BEALL,

                                        Plaintiff-Appellant,

versus

GARY JOHNSON, Director, Texas
Department of Criminal Justice -
Institutional Division; ET AL.,

                                        Defendants,

GARY JOHNSON, Director, Texas
Department of Criminal Justice -
Institutional Division; JANIE COCKRELL,
Texas Department of Criminal Justice -
Institutional Division; ELBERT HAMPTON,
Captain; GEORGINA CLAVER, Unit Grievance
Investigator; SUSAN SCHUMACHER, Offender Grievance,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:02-CV-62
--------------------
December 12, 2002

Before JOLLY, JONES, and WIENER, Circuit Judges.

PER CURIAM:[*]

    Edward Beall, Texas prisoner # 913495, appeals in forma

pauperis (IFP) the dismissal with prejudice of his 42 U.S.C.

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

§ 1983 civil rights complaint as frivolous and for failure to state a claim. He argues that the magistrate judge was biased and should be disqualified. He also contends that he has stated a constitutionally protected right based on Texas grievance law and that the prison supervisors were liable. We review a dismissal as frivolous for abuse of discretion and a dismissal for failure to state a claim de novo. See Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997).

Disqualification of a magistrate judge is appropriate if a reasonable man, who knows all the circumstances, would harbor doubts about the judge's impartiality. 28 U.S.C. § 455; Levitt v. University of Texas at El Paso, 847 F.2d 221, 226 (5th Cir. 1988). Beall's argument regarding judicial bias fails to establish that the magistrate judge should have recused himself. Adverse judicial rulings, standing alone, do not support an allegation of bias unless the litigant can show prejudice from an extrajudicial source, which Beall has not done. See Liteky v. United States, 510 U.S. 540, 555 (1994).

Beall's claim that he has a constitutionally protected right to have his grievance investigated and resolved also is without merit. The resolution of Beall's grievance did not involve a "significant hardship . . . in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). Because Beall lacked a protected liberty interest in having this grievance resolved to his satisfaction, due process protections

were not triggered, and his claim as to all of the defendants fails.  See Bulger v. U.S. Bureau of Prisons, 65 F.3d 48, 50 (5th Cir. 1995).

Additionally, Beall's argument that the prison supervisors are liable because of their employment relation to their subordinates is meritless.  See Thompkins v. Belt, 828 F.2d 298, 303 (5th Cir. 1987).  He makes no argument that the defendants implemented a policy so deficient that the policy itself was a repudiation of constitutional rights and was the moving force of the constitutional violations.  Therefore, his conclusional claim that Johnson and Cockrell, as policy-making supervisors, are liable is without merit.  See id. at 304.  Because the appeal is frivolous, it is DISMISSED.  See 5TH CIR. R. 42.2.

The dismissal of this appeal and the district court's dismissal of Beall's complaint both count as a "strike" for purposes of 28 U.S.C. § 1915(g).  See Adepegba v. Hammons, 103 F.3d 383, 385-87 (5th Cir. 1996).  Beall is CAUTIONED that if he accumulates another "strike" under 28 U.S.C. § 1915(g), he will not be able to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).

APPEAL DISMISSED; THREE-STRIKES WARNING ISSUED.