United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 4, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-20236
Summary Calendar
_____

GEORGE CARLISLE,

Plaintiff-Appellant,

versus

WARDEN JONES; LIEUTENANT SELMAN,

Defendants-Appellees.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-02-CV-4045
---------------------

Before WIENER, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant George Carlisle, Texas prisoner #494912,
appeals from the district court's summary-judgment dismissal of his
§ 1983 lawsuit against Defendants-Appellants Assistant Warden Mark
Jones and Officer Troy Selman. Carlisle alleged that the
defendants violated his constitutional rights by reassigning him
from the carpentry work unit to the hog barn work unit. Carlisle
argues on appeal that: (1) the district court abused its discretion
by denying his motions to file a second amended complaint, for an

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

extension of time to file a supplemental complaint, and for an extension of time to conduct discovery; and (2) the district court's grant of summary judgment was incorrect.

Examination of the record shows that the denial of Carlisle's motion to amend his complaint a second time was harmless. See Bazrowx v. Scott, 136 F.3d 1053, 1054-55 (5th Cir. 1998). Carlisle sought a second extension of time to file a response to the defendants' summary-judgment motion so that he could file a supplemental complaint. The district court was within its discretion to deny Carlisle's request to file a supplemental complaint because the defendants' summary-judgment motion had already been filed and Carlisle was trying to raise claims that were "similar in nature" to his original claims. See Burns v. Exxon Corp., 158 F.3d 336, 343 (5th Cir. 1998). As Carlisle's motion for an extension of time to conduct discovery did not meet the requirements of FED. R. CIV. P. 56(f), the district court did not abuse its discretion in denying that motion. See Beattie v. Madison County Sch. Dist., 254 F.3d 595, 605-06 (5th Cir. 2001).

We review a grant of summary judgment de novo, using the standard applicable in the district court. See Melton v. Teachers Ins. & Annuity Ass'n of America, 114 F.3d 557, 559 (5th Cir. 1997). By failing to challenge the district court's holding that he did not have a constitutional right to a particular job assignment, Carlisle abandoned that issue. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993). Even if he had not, however, he could not

2

have prevailed, as that claim is foreclosed by precedent. <u>See</u> <u>Bulger v. United States Bureau of Prisons</u>, 65 F.3d 48, 49 (5th Cir. 1995); <u>Jackson v. Cain</u>, 864 F.2d 1235, 1248 n.3 (5th Cir. 1989). Carlisle also failed to set forth a valid equal-protection claim regarding the delegation of job assignments to African-American inmates in his prison. <u>See</u> <u>Johnson v. Rodriguez</u>, 110 F.3d 299, 306-07 (5th Cir. 1997).

As Carlisle failed to state a valid 42 U.S.C. § 1983 claim, the district court properly granted summary judgment for the defendants. <u>See</u> <u>Wong v. Stripling</u>, 881 F.2d 200, 202 (5th Cir. 1989). Accordingly, the district court's judgment is AFFIRMED.