# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 21, 2008

Charles R. Fulbruge III
Clerk

No. 08-30221
Summary Calendar

ERNEST RANDAL COMEAUX,

Plaintiff–Appellant,

v.

RICHARD STALDER; VENETIA MICHAELS; WILLIAM HOLLENSHEAD; EARL BENSON; JERRY GIFFORD; JAMEY MOORE; JOHN ROBINSON; KIATONYA MAJOR; BECKY MOSS; SARA BILBERRY; LONNIE NAIL; RAY ANDERSON,

Defendants–Appellees.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:06-CV-367

Before KING, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Ernest Randal Comeaux, Louisiana prisoner # 409283, seeks leave to proceed in forma pauperis (IFP) on appeal from the district court's dismissal of his 42 U.S.C. § 1983 complaint. He has also filed a motion for judicial notice of adjudicative facts. For the following reasons, we deny both motions and dismiss Comeaux's appeal.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

A district court may deny a motion for leave to appeal IFP by certifying that the appeal is not taken in good faith and by providing written reasons for the certification.[1]  A motion in this court to proceed IFP is construed as a challenge to the district court's certification.[2]  This court's inquiry into whether the appeal is taken in good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)."[3]

Comeaux's IFP motion fails to assert error in the district court's judgment, and we do not consider pleadings that litigants attempt to incorporate by reference.[4]  We construe Comeaux's motion for judicial notice liberally as a brief in support of his IFP motion.

Comeaux's claims revolve primarily around a disciplinary proceeding in which he was convicted of violating former Rule 30k of the Louisiana Disciplinary Rules and Procedures, which had been declared unconstitutional by a district court.  That infraction was the basis for a subsequent disciplinary conviction, confinement in administrative segregation, the loss of privileges, and the denial of admission into a prison inmate honor program.

Comeaux's placement in administrative segregation while the infraction was being investigated and the loss of commissary and recreation privileges do

---

[1]Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997); FED. R. APP. P. 24(a).

[2]See Baugh, 117 F.3d at 202.

[3]Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).

[4]See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).

not give rise to a constitutionally protected interest.[5]  Similarly, Comeaux has not identified a protected interest in participation in the inmate honor program.[6]

Comeaux's conclusory assertions of retaliation and equal protection violations with respect to the inmate honor program are insufficient and are undermined by Comeaux's later admission to the program in accordance with program criteria once his disciplinary conviction was more than one year old. He failed to allege facts or to demonstrate retaliatory or discriminatory motive.[7] Comeaux's challenges to the administrative remedy procedures used to process his administrative grievances likewise fail to implicate a constitutional right.[8]

Comeaux does not address the dismissal of his claims regarding conditions of confinement, the loss of certain money from food sales, or the dismissal of his claims for monetary damages as barred by Heck v. Humphrey[9] and Edwards v. Balisok.[10]  Accordingly, he has abandoned those claims.[11]

Comeaux has not shown that the district court's certification was incorrect. Thus, we deny Comeaux's IFP motion.  As the appeal is without arguable legal

---

[5]See Sandin v. Conner, 515 U.S. 472, 478, 486 (1995); Malchi v. Thaler, 211 F.3d 953, 958 (5th Cir. 2000).

[6]See Bulger v. U.S. Bureau of Prisons, 65 F.3d 48, 49-50 (5th Cir. 1995).

[7]See Woods v. Smith, 60 F.3d 1161, 1164 (5th Cir. 1995); Thompson v. Patteson, 985 F.2d 202, 207 (5th Cir.1993).

[8] See Geiger v. Jowers, 404 F.3d 371, 373-74 (5th Cir. 2005).

[9]512 U.S. 477 (1994).

[10]520 U.S. 641, 648-49 (1997).

[11]See Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987).

merit, it is frivolous.[12]  Accordingly, we dismiss Comeaux's appeal.[13]  The motion to take judicial notice is denied as unnecessary.

The dismissal of Comeaux's appeal counts as a strike under 28 U.S.C. § 1915(g).[14]  Comeaux is warned that once he accumulates three strikes, he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.[15]

MOTIONS DENIED; APPEAL DISMISSED.

---

[12]See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983).

[13]See 5TH CIR. R. 42.2.

[14]See Adepegba v. Hammons, 103 F.3d 383, 387 (5th Cir. 1996).

[15]See 28 U.S.C. § 1915(g).