# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 1, 2013

Lyle W. Cayce
Clerk

No. 13-30509

PHILLIP RAY BARNES,

Plaintiff-Appellant

v.

BURL CAIN, WARDEN, LOUISIANA STATE PENITENTIARY;
CLASSIFICATION DEPARTMENT; MEDICAL DEPARTMENT; MENTAL
HEALTH DEPARTMENT,

Defendants-Appellees

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:12-CV-756

Before KING, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Phillip Ray Barnes, Louisiana prisoner # 99858, has filed a motion for leave to proceed in forma pauperis (IFP) on appeal from the district court's dismissal of his civil rights action as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). The district court denied his motion to proceed IFP, certifying that the appeal was not taken in good faith. By moving in this court for IFP status, Barnes is

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

challenging the district court's certification. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

Contending that he stated a valid claim for relief, Barnes asserts that by assigning prisoners to be tier walkers in areas housing inmates with mental health issues, prison officials deliberately and maliciously put the prisoners' health and safety in jeopardy. We review for abuse of discretion a district court's dismissal of a complaint as frivolous under § 1915(e)(2)(B)(i). *Brewster v. Dretke*, 587 F.3d 764, 767 (5th Cir. 2009). A claim is frivolous if it lacks an arguable factual or legal basis. *Id.*

The allegations that Barnes makes in his submissions to this court suggest that he intended to raise a claim that prison officials violated the Eighth Amendment by acting with deliberate indifference in assigning him to a job as a tier walker. In his complaint, however, he did not allege any particular risk to his health or safety, much less any excessive risk, nor did he allege how any prison official was deliberately indifferent. *See Farmer v. Brennan*, 511 U.S. 825, 828 (1994). Accordingly, the district court did not abuse its discretion in dismissing the claim as frivolous.

To the extent that Barnes sought to raise a claim under the Fourteenth Amendment for a due process violation, this claim, too, was frivolous. Prisoners do not have a constitutionally protected liberty or property interest in their prison job assignments. *Bulger v. United States Bureau of Prisons*, 65 F.3d 48, 50 (5th Cir. 1995).

Barnes also complains that the district court did not invite him to amend his complaint. Generally, a district court should not dismiss a pro se plaintiff's complaint without first giving him the opportunity to amend it. *Brewster*, 587 F.3d at 767-68. However, if a plaintiff has pleaded his "'best case,'" then the court is not required to permit amendment. *Id*. at 768. Barnes does not say what he would have added to his complaint had the court asked him for a more definite statement or allowed him to amend. He explains generally that there

are dangers involved in his job and recounts that on one occasion a year ago, a tier walker got into a fight with another inmate, but these do not rise to the level of alleging that the job poses a serious risk to his health or safety or that any official acted with deliberate indifference. Accordingly, the district court did not abuse its discretion in dismissing his case without permitting him to amend his complaint. *See id.*

This appeal is without arguable merit and is thus frivolous. *See Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983). Because the appeal is frivolous, it is dismissed. *See* 5TH CIR. R. 42.2. The dismissal of Barnes's complaint and the dismissal of his appeal both count as strikes for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Barnes is warned that if he accumulates three strikes, he will not be allowed to bring a civil action or appeal a judgment in forma pauperis unless he is under imminent danger of serious physical injury. *See* § 1915(g). Barnes's motion for appointment of counsel is denied.

APPEAL DISMISSED; MOTION FOR APPOINTMENT OF COUNSEL DENIED; SANCTION WARNING ISSUED.