NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 2, 2017[*]
Decided February 10, 2017

**Before**

DIANE P. WOOD, *Chief Judge*

RICHARD A. POSNER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

No. 16-3072

| | |
|---|---|
| LUKE J. SOULE, *Plaintiff-Appellant*, | Appeal from the United States District Court for the Western District of Wisconsin. |
| *v.* | No. 16-cv-100-jdp |
| M. POTTS, *et al.*, *Defendants-Appellees.* | James D. Peterson, *Judge.* |

**O R D E R**

Luke Soule, a federal inmate, appeals the dismissal of his suit[1] asserting that prison officials downgraded his prison job without due process.

---

[*] The defendants were not served with process in the district court and are not participating in this appeal. We have agreed to decide this case without oral argument because the issues have been authoritatively decided. FED. R. APP. P. 34(a)(2)(B).

[1] Although Soule filed his complaint on a form entitled "Complaint Under The Civil Rights Act, 42 U.S.C. § 1983," the district court understood him to have brought this action under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), because the defendants are federal actors.

Soule was removed from his job in the vegetable-preparation room at the Oxford Federal Correctional Institution and reassigned to a lower pay grade position in the dining room. As set forth in his complaint, Soule received this reassignment because someone had been suspected of theft: in the dining room, prison officials had found onions that they believed someone had stolen from the vegetable-preparation room. He filed an administrative complaint, which was denied, and the denial was upheld in his subsequent appeals. He then filed suit asserting that the officials violated his right to due process by (1) disciplining him based on the false assumption that he was responsible for the theft and (2) not following their own policy, which, he alleges, created a right to his pay grade, see 28 C.F.R. § 545.26(h) ("An inmate's performance pay, once earned, becomes vested.").

At screening, see 28 U.S.C. § 1915A, the district court dismissed the complaint for failure to state a claim because the Constitution did not provide Soule a protected liberty or property interest in keeping his prison work assignment. To the extent Soule traced a protected interest to a particular BOP Program Statement or federal regulation, the court added, nothing in those provisions stated that an inmate had a vested interest in a particular pay grade or work assignment.

On appeal Soule challenges the dismissal of his complaint based on BOP policy and case law, without any consideration of facts that he believes would exculpate him of any involvement in the theft of the onions. But the district court correctly concluded that Soule lacks a liberty or property interest in his prison job and thus may not bring a due process challenge to his prison-job reassignment. See *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). The Constitution does not give prisoners any substantive entitlements to prison employment. See *DeWalt v. Carter*, 224 F.3d 607, 613 (7th Cir. 2000); *Wallace v. Robinson*, 940 F.2d 243, 247 (7th Cir. 1991) (en banc); *Serra v. Lappin*, 600 F.3d 1191, 1196 (9th Cir. 2010); *Bulger v. United States Bureau of Prisons*, 65 F.3d 48, 49 (5th Cir. 1995). And any asserted liberty interest based on the Bureau's regulations is foreclosed because Soule's job reassignment does not impose "atypical and significant hardship" on him relative to the "ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995); *Abdul-Wadood v. Nathan*, 91 F.3d 1023, 1025 (7th Cir. 1996). Soule cannot rely on § 545.26(h) as the source of a property interest because that regulation states only that inmates have a vested right in pay that has been earned; it does not create a legitimate claim of entitlement to "hold one job rather than another." *Wallace*, 940 F.2d at 246, 249; *Johnson v. Rowley*, 569 F.3d 40, 44 (2d Cir. 2009).

AFFIRMED.