United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 17, 2007**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-10648
Summary Calendar

RICHARD CHAMBERS

Plaintiff-Appellant,

versus

WARDEN COLE JETER, FCI - Fort Worth; CAPTAIN LES PHILLIPS, FCI -
Fort Worth; LIEUTENANT MUNOZ, Special Agent Internal Affairs at
FCI - Ft. Worth; LIEUTENANT M. HOPKINS, Special Agent
Investigative Services at FCI - Ft. Worth; OFFICER ROTHMAN, FCI -
Fort Worth; MEDICAL DOCTOR HERNAN REYES, Clinical Director at FCI
- Fort Worth; PAUL CELESTIN, Health Service Administrator at FCI
- Fort Worth; DR. S.K. KWATRA, Medical Officer at FCI - Ft.
Worth; FEDERAL BUREAU OF PRISONS

Defendants-Appellees.

Appeal from the United States District Court
for the Northern District of Texas
(4:06-CV-304)

Before REAVLEY, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Richard Chambers, federal prisoner # 32862-177, appeals, *pro
se*, the 28 U.S.C. §§ 1915(e)(2)(B) and 1915A dismissal, for failure
to state a non-frivolous claim, of his civil rights action against
Bureau of Prisons (BOP) employees.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

A dismissal as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) is reviewed for abuse of discretion, *e.g.*, **Ruiz v. United States**, 160 F.3d 273, 275 (5th Cir. 1998); dismissals pursuant to § 1915(e)(2)(B)(ii) (failure to state a claim) and § 1915A, *de novo*. *E.g.*, **id.** Because the district court's dismissal referred to both § 1915(e)(2)(B) and § 1915A, *de novo* review applies. *See* **Geiger v. Jowers**, 404 F.3d 371, 375 (5th Cir. 2005).

Regarding the failure-to-state-a-claim dismissal of the claims purportedly brought under 18 U.S.C. §§ 2, 241, and 1001, and Texas Penal Code §§ 39.022 and 39.04, Chambers contends the district court erroneously failed to liberally construe his pleadings or require a more definite statement, pursuant to Federal Rule of Civil Procedure 15(a). Despite Chambers' *pro se* status, dismissal of these claims, which asserted criminal charges, was proper. *See* **United States v. Carter**, 953 F.2d 1449, 1462 (5th Cir. 1992).

Similarly, the district court properly dismissed as frivolous Chambers' count-one deliberate-indifference claim regarding Dr. Kwatra's alleged inadequate pain treatment, because Dr. Kwatra's response to Chambers' request for different pain medication does not constitute deliberate indifference. *See* **Varnado v. Lynaugh**, 920 F.2d 320, 321 (5th Cir. 1991).

Dismissal as frivolous was also proper for Chambers' count-one claims regarding Jeter's and Dr. Kwatra's alleged intentional infliction of emotional distress, *see* **City of Midland v. O'Bryant**,

2

18 S.W.3d 209, 216-17 (Tex. 2000), and Chambers' count-two claims relying on *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260 (1954), which alleged violations of BOP program statements. *See* **Royal v. Tombone**, 141 F.3d 596, 600-01 (5th Cir. 1998); **Miller v. Henman**, 804 F.2d 421, 426 (7th Cir. 1986); *cf.* **Black v. Warren**, 134 F.3d 732, 734 (5th Cir. 1998).

For his other count-one deliberate-indifference claims, Chambers' complaint alleged: defendants delayed and denied medical care to him, including arm surgery; despite his advising Officer Rothman of medical restrictions related to his heart condition and high blood pressure, Officer Rothman forced him to work in violation of them; as a result, his blood pressure rose to a dangerous level, he experienced light-headedness, fatigue, and chest pain, he had an abnormal EKG, and he was hospitalized for over a week; and Officer Rothman's actions constituted intentional infliction of emotional distress. Along that line, Chambers' count-three claims alleged, *inter alia*, policies and customs of punishing inmates with manual labor and retaliating against grievance-filing inmates, and his count-eight claims under the Federal Tort Claims Act related to the alleged incident with Officer Rothman and retaliation for Chambers' filing a related grievance. These claims are not based on an "indisputably meritless legal theory". **Davis v. Scott**, 157 F.3d 1003, 1005 (5th Cir. 1998) (internal quotation marks omitted); *see also* **Jackson v.**

3

*Cain*, 864 F.2d 1235, 1246 (5th Cir. 1989).  Moreover, the district court, which did not give reasons in dismissing these claims as frivolous, did not allow Chambers the opportunity to develop them. Accordingly, such dismissal was improper.  *See* **Davis**, 157 F.3d at 1005; **Eason v. Thaler**, 14 F.3d 8, 9 (5th Cir. 1994); **Moore v. Mabus**, 976 F.2d 268, 271 (5th Cir. 1992).

Concomitantly, because exhaustion is an affirmative defense that must be raised by the defendant, the district court's failure-to-exhaust conclusion was premature.  *See* **Jones v. Bock**, 127 S. Ct. 910, 921 (2007).

In sum, the failure-to-state-a-claim dismissal, and the dismissal as frivolous of Chambers' **Accardi**-based claims, his deliberate-indifference claim regarding Dr. Kwatra's alleged inadequate pain treatment, and his intentional-infliction-of-emotional-distress claims as to Dr. Kwatra and Jeter, are affirmed. The dismissal as frivolous of the remaining claims is vacated, and this matter is remanded for further proceedings consistent with this opinion.

**AFFIRMED IN PART; VACATED AND REMANDED IN PART**

4