# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 17, 2010

No. 10-30543
Summary Calendar

Lyle W. Cayce
Clerk

LARRY JOE ARD,

Plaintiff-Appellant

v.

JAMES LEBLANC; BUDDY CALWELL, Custodian; HOWARD PRINCE,
Caretaker; STEPHEN WAGUESPACK, Classification Officer; JOHN L.
MCGOVERN, III; KEN AUGUST; REGINALD BROCK; CRISTY AUCOIN;
CLAY WILLIAMS,,

Defendants-Appellees

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:10-CV-169

Before KING, BENAVIDES, and ELROD, Circuit Judges.

PER CURIAM:[*]

Larry Joe Ard, Louisiana prisoner # 200821, seeks leave to proceed in
forma pauperis (IFP) on appeal from the district court's dismissal of his
42 U.S.C. § 1983 complaint as frivolous.  In his complaint, he averred that (1) he
was repeatedly denied relief through the Administrative Remedy Procedure;
(2) the defendants improperly relied on his past arrest history and disciplinary

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

record to deny his requests to participate in a work release program; and (3) he was issued a false disciplinary report and was denied due process at a disciplinary hearing. Ard contended that the defendants conspired to deny him his constitutional rights and also sought to hold Attorney General Buddy Caldwell liable on the basis of respondeat superior.

By moving to proceed IFP, Ard is challenging the district court's certification decision that his appeal was not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry into an appellant's good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983).

With regard to his Administrative Remedy Procedure claim, Ard fails to coherently address the basis of the district court's dismissal of the claim, only setting forth case law and failing to argue how the cited authorities support his claim. Accordingly, he has abandoned the claim. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). Similarly, Ard fails to identify any error in the district court's dismissal of his conspiracy claim and his claim against Attorney General Buddy Caldwell; he merely recites boilerplate law and makes no effort to challenge the district court's decision. Ard has thus abandoned the claims. *See id*.

His challenge to the disciplinary proceeding fails. Ard overlooks the fact that his disciplinary case was overturned by his administrative appeal, and, thus, any error in the disciplinary proceeding was cured. No liberty interest was implicated. *See Sandin v. Conner*, 515 U.S. 472, 483-84 (1995). "The [C]onstitution demands due process, not error-free decision-making. . . ." *McCrae v. Hankins*, 720 F.2d 863, 868 (5th Cir. 1983).

Ard argues that he did not receive due process in connection with the denial of his requests to participate in a work release program. "A protected liberty interest exists only when a [statute] or regulation uses mandatory

language to place a substantive limit on official discretion." *Rublee v. Fleming*, 160 F.3d 213, 217 (5th Cir. 1998) (internal quotations and citations omitted). Because the statute at issue does not create a liberty interest in a work release program, Ard has failed to allege a due process claim. *See Welch v. Thompson*, 20 F.3d 636, 643-44 (5th Cir. 1994).

His appeal is without arguable merit and, thus, frivolous. *See Howard*, 707 F.2d at 219-20. Because the appeal is frivolous, it is dismissed. *See* 5TH CIR. R. 42.2. Ard is cautioned that the dismissal of this appeal as frivolous counts as a strike under 28 U.S.C. § 1915(g), as does the district court's dismissal of his complaint as frivolous. *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). He, therefore, has two strikes under § 1915(g). Ard is cautioned that if he accumulates three strikes under § 1915(g), he will not be able to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he "is under imminent danger of serious physical injury." *See* § 1915(g).

IFP DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.