# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 2, 2011

Lyle W. Cayce
Clerk

No. 10-30596
Summary Calendar

JOSEPH L. JAMES,

Plaintiff - Appellant

v.

LIEUTENANT HERTZOG; GARY MORE; DARRELL GUILLORY; ASSISTANT WARDEN LABRAIN,

Defendants - Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:10-CV-92

Before WIENER, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Proceeding *pro se* and *in forma pauperis*, Joseph L. James, Louisiana prisoner #57434, instituted this action pursuant to 42 U.S.C. § 1983, maintaining officials working in the Rapides Parish detention centers denied his request to participate in a work-release program in violation of his constitutional rights. He claims: denial of due process; discrimination in violation of his right

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-30596

to equal protection; and violation of the Eighth Amendment prohibition against cruel and unusual punishment.

The district court adopted the magistrate judge's recommendation, dismissing James' complaint both as frivolous and for failure to state a claim pursuant to 28 U.S.C. §§ 1915, 1915A. Because the dismissal referred to both § 1915 and § 1915A, it is reviewed *de novo*. *See, e.g.*, *Chambers v. Jeter*, 247 F. App'x 490, at *1, (5th Cir. 17 Aug. 2007).

James' denial-of-due-process contention in connection with the work-release program is based on his claim he was not given opportunity to defend himself against allegations of his disruptive behavior. A unilateral expectation of receiving a privilege is insufficient; a prisoner must "have a legitimate claim of entitlement to it". *Bulger v. United States Bureau of Prisons*, 65 F.3d 48, 50 (5th Cir. 1995) (internal citation and quotation marks omitted). Where a statute grants the prison administration discretion, the government has conferred no right on the inmate. *Meachum v. Fano*, 427 U.S. 215, 226-29 (1976). The work-release program created under Louisiana law provides a sheriff with the discretion to make the work-placement decision. *See* LA. REV. STAT. ANN. § 15:711(A)-(B). Because this statute did not create an enforceable expectation of placement in a work-release program, it did not create a liberty interest that is entitled to due-process protection. *See Sandin v. Conner*, 515 U.S. 472, 480-81 (1995). Thus, James has failed to allege an arguable due-process claim. *See Welch v. Thompson*, 20 F.3d 636, 638 (5th Cir. 1994).

James further contends he was discriminated against because of his homosexuality. To state an equal-protection claim, a § 1983 plaintiff must allege a state actor intentionally discriminated against him because he was a member of a protected class. *Williams v. Bramer*, 180 F.3d 699, 705 (5th Cir. 1999). The Supreme Court has not recognized sexual orientation as a suspect class; however, if the State violates the Equal Protection Clause by creating a disadvantage for homosexuals, the State's conduct must have a "rational

2

relationship to legitimate governmental aims". *Johnson v. Johnson*, 385 F.3d 503, 532 (5th Cir. 2004) (internal citation omitted).

The record does *not* reflect that James was denied participation in the work-release program because of his sexual orientation.  Rather, it shows the denial was due to his disruptive behavior while working in another prison unit.  His preclusion served the rational and legitimate penological reason of maintaining security and order in the prison.  *See Smith v. Bingham*, 914 F.2d 740, 742 (5th Cir. 1990); *see also Freeman v. Tex. Dept. of Criminal Justice*, 369 F.3d 854, 863-64 (5th Cir. 2005).  Thus, James has failed to state an equal-protection claim based on sexual-orientation discrimination.

Last, James contends that denying him the right to participate in a work-release program based on erroneous information constituted cruel and unusual punishment, in violation of the Eighth Amendment.  "Punishment rises to the level of cruel and unusual only if it involves an unnecessary and wanton infliction of pain." *Talib v. Gilley*, 138 F.3d 211, 214 (5th Cir. 1998) (internal citations and quotation marks omitted).  Needless to say, denial of the right to participate in a work-release program falls far short of that.  Therefore, he failed to state an arguable Eighth Amendment claim.

James' appeal lacks any issue of arguable merit and is therefore frivolous. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983).  Accordingly, his appeal is dismissed as frivolous. *See* 5TH CIR. R. 42.2.  James is advised that the district court's dismissal of his complaint and our court's dismissal of this appeal as frivolous count as two strikes for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996).  James is cautioned that if he accumulates three strikes, he will no longer be allowed to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g), (h).

APPEAL DISMISSED; SANCTION WARNING ISSUED.