CRAIN, J.
Zander Rodgers, an inmate in the custody of the Louisiana Department of Public Safety and Corrections (DPSC), appeals a district court judgment dismissing his petition for judicial review of disciplinary decision RCC-2016-1096 for failing to state a cause of action. Rodgers, whose criminal history includes a sexual battery conviction, claims DPSC is improperly characterizing him as a sex offender and deeming him ineligible for work release pursuant to a DPSC regulation providing sex offenders are unsuitable for work release.[1] A commissioner of the district court *949 reasoned work release is a privilege, not a constitutional right or liberty interest, and a determination of work release eligibility lies exclusively within the discretion of DPSC. Therefore, the commissioner recommended Rodgers' suit be dismissed for failure to state a cause of action. See La. R.S. 15:1178, 15:1188, and 15:1177A(9).
Courts may intervene and reverse or modify DPSC's decisions in disciplinary cases only where the inmate's substantial rights have been prejudiced. See La. R.S. 15:1177A(9); see also La. R.S. 15:1178B and 1188A. Louisiana Revised Statute 15:1111, governing the work release program, pertinently provides:
B. The department shall establish rules for the administration of the work release program and shall determine those inmates who may participate in the release program. Any inmate sentenced to imprisonment at hard labor shall be eligible at any time during his sentence to participate in the work release program, subject to the provisions of this Part. If any inmate violates the conditions prescribed by the department, his work release privileges may be withdrawn. Failure to report to or return from the planned employment shall be considered an escape under the provisions of R.S. 14:110. The department may approve as work release privileges, placement in universities, colleges, technical, vocational or trade schools, or in sheltered workshops or in training programs designed to improve the skills and abilities of the inmate.
* * * * *
1.(1) Any inmate who has been convicted of forcible or second degree rape ( R.S. 14:42.1 ), aggravated arson ( R.S. 14:51 ), armed robbery ( R.S. 14:64 ), attempted murder ( R.S. 14:27 and 29), or attempted armed robbery ( R.S. 14:27 and 64), shall be eligible to participate in a work release program during the last six months of his term. Any person sentenced as a habitual offender pursuant to R.S. 15:529.1shall be eligible to participate in a work release program during the last year of his term if the offender has obtained a low-risk level designation determined by a validated risk assessment instrument approved by the secretary of the Department of Public Safety and Corrections. Notwithstanding the provisions of this Section and unless the inmate is eligible at an earlier date, those inmates who have served a minimum of fifteen years in the custody of the department for those crimes enumerated in this Section shall be eligible to participate in a work release program during the last twelve months of their terms.
(2) Any inmate convicted of producing, manufacturing, distributing, or dispensing or possession with intent to produce, manufacture, distribute, or dispense a controlled dangerous substance classified in R.S. 40:964shall be eligible to participate in the work release program if the inmate is otherwise in compliance with the standards for work release. [Emphasis added.]
Although Section 15:1111 contains certain inmate eligibility requirements, *950 inmate participation is specifically reserved to the discretion of DPSC. See Welch v. Thompson , 20 F.3d 636, 639-40 (5th Cir. 1994). Under the statutory framework, eligibility is a predicate to participation, which is then left solely to DPSC's discretion. Participation is a privilege and is not mandated by eligibility.See La. R.S. 15:1111B, C, and D; Welch , 20 F.3d at 643. Because the legislature delegated the authority to determine inmate participation to DPSC, an inmate has no liberty interest in Louisiana's work release program. See, e.g., James v. Hertzog , 415 Fed. Appx. 530, 532 (5th Cir. 2011) (unpublished); Ard v. Leblanc , 404 Fed. Appx. 928, 929 (5th Cir. 2010) (unpublished); Welch, 20 F.3d at 639-40 ; see also Bulger v. U.S. Bureau of Prisons , 65 F.3d 48, 49 (5th Cir. 1995) (stating prisoner classification and eligibility for rehabilitation programs in federal prisons are not directly subject to due process protections, and prisoners have no constitutionally protected liberty or property interests per se in their prison job assignments).
Having failed to allege a violation of his substantial rights, Rodgers has failed to state a cognizable claim or cause of action. See Wallace v. Louisiana Dept. of Pub. Safety & Corr. , 17-0287 (La. App. 1 Cir. 9/28/17), 232 So.3d 663, 665. The district court's judgment dismissing, without prejudice and without service, Rodgers' petition for judicial review is affirmed. This memorandum opinion is issued in accordance with Uniform Rules-Courts of Appeal, Rule 2-16.1B. Costs of this appeal are assessed to Zander Rodgers.
AFFIRMED.

In denying Rodgers' requests for administrative relief, DPSC referred to Regulation B-02-001, which is not contained in the subject record. The commissioner purported to take judicial notice of the Department's promulgated rules; however, the regulation at issue does not appear to have been promulgated in the Louisiana Register or to have properly been the subject of judicial notice. See La. R.S. 49:966C; Coleman v. Thompson , 05-857 (La. App. 3 Cir. 3/1/06), 923 So.2d 889, 898 (stating the court could not consider the inmate's argument because it had not been provided with Regulation B-02-001 or other pertinent information). However, since we do not reach the merits of Rodgers' arguments regarding application of the regulation, its omission is immaterial.