United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 19, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-41040
Conference Calendar

_____

DEMETRIS GUZMAN,

                              Plaintiff-Appellant,

versus

JORDAN HOLLINGSWORTH,

                              Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:06-CV-245
--------------------

Before JONES, Chief Judge, and JOLLY and DENNIS, Circuit Judges.

PER CURIAM:[*]

    Demetris Guzman, federal prisoner # 66401-079, appeals the

dismissal of his action pursuant to <u>Bivens v. Six Unknown Agents</u>

<u>of Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971) as frivolous and

for failure to state a claim under 28 U.S.C. § 1915A.  Guzman's

suit alleged that he was deprived of certain privileges as

punishment for his participation in a prison food strike,

including a 90-day reduction in his pay grade.  By limiting his

brief on appeal to the wage claim, Guzman has abandoned any other

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

due process claims raised in the district court. <u>See</u> <u>United States v. Lucien</u>, 61 F.3d 366, 370 (5th Cir. 1995).

We review the dismissal de novo. <u>See</u> <u>Ruiz v. United States</u>, 160 F.3d 273, 275 (5th Cir. 1998). Contrary to Guzman's assertions, the protections of the Due Process Clause do not attach to any disciplinary action by prison officials. Rather, due process applies only when government action threatens a protected liberty or property interest. <u>Blackburn v. City of Marshall</u>, 42 F.3d 925, 935 (5th Cir. 1995).

Guzman must identify some legal authority creating a legitimate expectation in compensation at a particular rate. <u>See</u> <u>Brooks v. George County, Miss.</u>, 84 F.3d 157, 163 (5th Cir. 1996). We have previously held that prisoners have no liberty or protected property interest in particular prison job assignments. <u>See</u> <u>Bulger v. United States Bureau of Prisons</u>, 65 F.3d 48, 49-51 (5th Cir. 1995). Given the discretion of prison officials with respect to job assignments and wage determinations, Guzman has failed to show that the 90-day reduction in his wages deprived him of any interest subject to the protections of the Due Process Clause.

As Guzman's appeal lacks arguable merit, we dismiss his appeal as frivolous. <u>See</u> 5TH CIR. R. 42.2; <u>Howard v. King</u>, 707 F.2d 215, 219-20 (5th Cir. 1983). The dismissal by the district court of Guzman's suit and the dismissal of this appeal as frivolous count as two strikes under 28 U.S.C. § 1915(g). <u>See</u>

Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996).
Guzman is cautioned that if he accumulates three strikes under
§ 1915(g), he will not be able to proceed in forma pauperis in
any civil action or appeal filed while he is incarcerated or
detained in any facility unless he is under imminent danger of
serious physical injury.  See § 1915(g).

DISMISSED AS FRIVOLOUS; SANCTION WARNING ISSUED.