# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 11, 2011

No.10-20351
Summary Calendar

Lyle W. Cayce
Clerk

RICHARD DEAN ROSIN,

Petitioner-Appellant

v.

RICK THALER, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:10-CV-114

Before JOLLY, GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

Richard Dean Rosin, Texas prisoner # 580399, moves this court for a certificate of appealability (COA) to appeal the district court's denial of relief, which he requested in a submission styled as a 28 U.S.C. § 2254 application. The district court construed the application as raising only § 2254 claims arising out of a prison disciplinary proceeding and denied it on the basis that Rosin did not have a liberty interest at stake. Rosin does not dispute the district court's

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

decision that he was not entitled to relief under § 2254. Instead, he argues that he does not seek relief under § 2254 but wishes to bring claims for civil rights violations under 42 U.S.C. § 1983. We construe Rosin's request for a COA as both a request for a COA for any § 2254 claims and an appeal of the dismissal of any civil rights claims.

The label attached to a prisoner's pro se pleading is not controlling; rather, courts must look to the content of the pleading. *United States v. Santora*, 711 F.2d 41, 42 n.1 (5th Cir. 1983). In his pleading, Rosin sought damages and injunctive relief alleging, among other things, that prison officials had placed a hold on his trust account and had found him guilty of a disciplinary violation without due process. Where prisoners are permitted to possess property, they have a protected interest in their property and § 1983 provides a remedy if prison officials deprive prisoners of this interest absent due process. *McCrae v. Hankins*, 720 F.2d 863, 869 (5th Cir. 1983), *abrogated on other grounds by Hudson v. Palmer*, 468 U.S. 517, 531-33 (1984), *as recognized in Augustine v. Doe*, 740 F.2d 322, 328 & n.10 (5th Cir. 1984). A prisoner has a protected property interest in the funds in his prison account. *Eubanks v. McCotter*, 802 F.2d 790, 792-94 (5th Cir. 1986); *Brewer v. Collins,* 857 S.W.2d 819, 823 (Tex. App. 1993). Moreover, Rosin's request for damages on the basis that his disciplinary proceedings did not meet minimum standards of procedural due process may be cognizable in a § 1983 suit as long as it does not implicate the validity of the disciplinary conviction or affect the duration of Rosin's sentence. *See Muhammad v. Close*, 540 U.S. 749, 751 (2004) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a § 1983 action." (citations omitted)).

Rosin also sought to amend his pleading to add additional claims under § 1983, including that prison officials retaliated against him for filing grievances and that officials denied him access to the courts to pursue a personal-injury

claim.  Rosin was entitled to amend his pleading once as a matter of right because the respondent had not yet filed a responsive pleading.  *See* FED. R. CIV. P. 15(a); *Barksdale v. King*, 699 F.2d 744, 746-47 (5th Cir. 1983) (applying Rule 15(a) to § 1983 complaint where no responsive pleading had been filed).  Accordingly, it was an abuse of discretion to fail to permit the amendment.  *See Horton v. Cockrell*, 70 F.3d 397, 402 (5th Cir. 1996) (finding abuse of discretion based on denial of plaintiff's first motion to amend where no responsive pleading had been filed).

Accordingly, Rosin's request for a COA to appeal the dismissal of his § 2254 claims is DENIED.  The district court's dismissal of Rosin's civil-rights claims is VACATED, and the case is REMANDED for the district court to permit Rosin to amend his pleading and to consider whether he has alleged any civil-rights violations cognizable under § 1983.  Rosin's motion for appointment of counsel is DENIED.