# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 16, 2012

No. 10-50755

Lyle W. Cayce
Clerk

GARY NUTALL,

Petitioner-Appellant

v.

CLAUDE MAYE, Warden, Federal Correctional Institution Bastrop,

Respondent-Appellee

-------------------------------------------------------------------------------------------------------------

RAYMOND NUTALL,

Petitioner-Appellant

v.

CLAUDE MAYE, Warden; UNITED STATES DEPARTMENT OF JUSTICE;
ANN FELTS,

Respondents-Appellees

Appeal from the United States District Court
for the Western District of Texas
5:09-CV-00886-FB

No. 10-50755

Before SMITH, GARZA, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Appellants Gary Patrick Nutall, federal prisoner # 74016-080, and Raymond Nutall, federal prisoner # 74040-080, appeal the denial of their 28 U.S.C. § 2241 petitions, wherein they contended that the district court's removal of its own cap on restitution payments amounted to a violation of their due process rights. Because we conclude that the Nutalls were not deprived of a protected property interest, we affirm.

## I

A jury convicted the Nutalls of conspiracy to interfere with commerce by robbery, in violation of 18 U.S.C. § 1951; interfering with commerce by robbery, in violation of 18 U.S.C. §§ 2, 1951; and using and carrying a weapon during a crime of violence, in violation of 18 U.S.C. §§ 2, 924(c)(1). In addition to prison time, the district court ordered the Nutalls to jointly and severally pay restitution in the amount of $28,378. This court affirmed the Nutalls' convictions on direct appeal, and the Supreme Court denied certiorari. The district court subsequently denied the Nutalls' 28 U.S.C. § 2255 motions, and this court denied their requests for certificates of appealability.

The Nutalls later filed a joint motion to reduce the amount of their restitution payments. The Nutalls contended that, as a condition of their participation in the Department of Justice's Federal Prison Industries program (UNICOR), the Nutalls were required to contribute 50 per cent of their wages toward the payment of restitution under the prison's financial responsibility program. The Nutalls asserted that participation in the program left them with little money to purchase food and litigate legal battles. The district court

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

granted the Nutalls' motion and amended the judgment and commitment orders to provide that restitution should not be set at more than $30 per month.

A correctional counselor at the Federal Correctional Institution in Bastrop, Texas (FCI Bastrop), where the Nutalls were housed, wrote a letter informing the sentencing judge that Raymond's employment in the UNICOR program had earned him $1,780.81 in the previous six months, and he had received $2,235.71 in total deposits from other sources during the same period. The counselor suggested that Raymond was able to pay 50 per cent of his wages towards restitution, pursuant to the prison's financial responsibility program. The sentencing judge responded in a letter to the counselor that Raymond was required to follow the same policies and procedures as other inmates, and that he presumably would still have funds for personal use. The Nutalls then filed a motion for a temporary restraining order and declaratory relief, alleging that prison officials were ignoring the court's previous order capping restitution and were threatening the Nutalls with loss of prison employment if they did not set aside 50 per cent of their UNICOR wages towards restitution. The district court denied the motions.

The Nutalls then filed the § 2241 petitions underlying this appeal, in which they contended that the prison officials were acting in violation of the district court's previous order by withholding from their pay sums in excess of $30 per month. The district court amended its previous order to remove the cap on restitution and denied the § 2241 petitions, stating that it never intended to exempt the Nutalls from the prison's policies. The court noted that if the Nutalls did not want half of their incomes allocated to restitution they could resign their jobs with UNICOR. The Nutalls filed a timely notice of appeal, and this court directed the parties to brief the following issues: (1) whether the district court's cap on restitution created a legitimate expectation of entitlement to that fixed sum so as to amount to a protected property interest and (2) whether the court's

No. 10-50755

sua sponte amendment of that order to delete the cap on restitution denied the Nutalls due process. We review the district court's dismissal of the § 2241 petitions de novo. *Kinder v. Purdy*, 222 F.3d 209, 212 (5th Cir. 2000).

## II

"The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). Only after a claimant has made such a showing will this court consider whether the procedures attendant upon the deprivation were deficient. *Ky. Dept. of Corr. v. Thompson*, 490 U.S. 454, 460 (1989). In order to establish a property interest, "a person clearly must have more than an abstract need or desire for it." *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 577 (1972). "He must have more than a unilateral expectation of it." *Id.* "He must, instead, have a legitimate claim of entitlement to it." *Id.*

This court has held that prisoners do not have a protected property interest in their prison job assignments. *See Bulger v. United States Bureau of Prisons*, 65 F.3d 48, 50 (5th Cir. 1995) ("[W]e now join the other circuits in holding that a prisoner does not have a legitimate claim of entitlement to continuing UNICOR employment."). Although this court has held, in the context of § 1983 proceedings, that prisoners have a property interest in the assets of their inmate accounts, *see Eubanks v. McCotter*, 802 F.2d 790, 792-94 (5th Cir. 1986), this case concerns whether the prison may withhold wages, not whether the prison may confiscate property already in the Nutalls' possession. The prison thus could have terminated the Nutalls' employment altogether without implicating a constitutionally protected property interest. *See Bulger*, 65 F.3d at 50. ("Courts of appeals consistently have held that an inmate's expectation of keeping a specific prison job, *or any job*, does not implicate a protected property

interest." (emphasis added)). Accepting the Nutalls' contention that the district court's cap on restitution created a property interest would therefore leave the prison in a strange position: constitutionally prohibited from withholding 50 per cent of wages for restitution on the one hand, free to terminate employment and thereby withhold all wages on the other.

Moreover, upon notification of a change in the defendant's economic circumstances, a district court "may, on its own motion, or the motion of any party, . . . adjust the payment schedule, or require immediate payment in full, as the interests of justice require." 18 U.S.C. § 3664(k). The Nutalls did not have a legitimate expectation that the court would not do so.

### III

For the foregoing reasons, we conclude that the district court did not create a constitutionally protected property interest by placing a cap on the Nutalls' restitution payments. Because the Nutalls have not shown that they were deprived of a property interest, we need not address whether the district court afforded due process. The judgment is AFFIRMED.