REVISED 8/31/2023

# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 30, 2023

Lyle W. Cayce
Clerk

———————

No. 22-50634

———————

Lana Calhoun,

*Plaintiff—Appellant*,

*versus*

Bryan Collier; Jennifer Cosby, *and her successor in interest*;
Karen Stroleny,

*Defendants—Appellees*.

———————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:20-CV-380

———————————————————

Before Wiener, Graves, and Douglas, *Circuit Judges*.

James E. Graves, Jr., *Circuit Judge*:

The issue before the court is whether Linda Calhoun, an inmate incarcerated in Gatesville, Texas, has a right to be heard before the prison decides whether to approve or deny her request to transfer money from her inmate trust account to an outside bank account. The district court answered no and granted summary judgment to the Appellees. We REVERSE.

No. 22-50634

## Factual Background

When entering the prison facility in Gatesville, Texas, all inmates are given a Texas Department of Criminal Justice ("TDCJ") handbook which lays out the rules for transferring money from one offender to another through an outside person. Rule AD-14.62, authored by Bryan Collier—the executive director of the TDCJ—and not provided to inmates, states that offenders shall not provide money to other offenders. The TDCJ handbook "encourage[s]" inmates with extra savings "to open a savings account with a banking facility of their choice." However, it also provides that a deposit from an offender to another offender, processed through an outside person, is a violation of TDCJ rules and will result in an investigation; confirmed violations may result in disciplinary action.

Due to a settlement in a civil matter, Calhoun had an inmate trust fund worth nearly $100,000.00. In December of 2019, Calhoun made a suspicious withdrawal, and Appellee Jennifer Cosby, a former senior warden, notified her that she was under investigation for trafficking and trading by sending money to outside persons who were then depositing money to the trust fund accounts of other inmates. Shortly after, Calhoun was found guilty of the lowest level of rule violation. Calhoun now asserts that, years later, she has submitted approximately three or four separate withdrawal requests to TDCJ, which were all denied without notice or an opportunity to be heard in violation of her procedural due process rights.

## Procedural Background

Proceeding *pro se*, Calhoun filed this suit on May 11, 2020 and filed her amended complaint on June 11, 2020. On July 2, 2020, the district court dismissed the case for failure to state a claim on the ground that state tort law provided a meaningful post-deprivation remedy. On September 13, 2021, this

2

court vacated that judgment, determining Calhoun's allegations may state a procedural due process claim.

On October 19, 2021, Calhoun retained counsel who filed a notice of appearance in the district court. On November 15, 2021, Appellee Bryan Collier filed a motion to dismiss, which the court then converted to a motion for summary judgment. Following this, on February 14, 2022, all Appellees filed a joint motion for summary judgment. On May 26, 2022, the district court granted summary judgment to all Appellees and entered a final judgment. Shortly thereafter, Calhoun filed a motion for reconsideration pursuant to Rule 59(e) and a Rule 15(a) motion for leave to file a second amended complaint, which the district court denied. Calhoun timely appealed.

## Standard of Review

The standard of review on summary judgment is *de novo*. *Davidson v. Fairchild Controls Corp.*, 882 F.3d 180, 184 (5th Cir. 2018). The court should grant summary judgment where there is no genuine dispute of material fact "and the movant is entitled to judgment as a matter of law." *Id.* (quoting FED. R. CIV. P. 56(a)). This court "may affirm [summary judgment] on any grounds supported by the record." *McGruder v. Will*, 204 F.3d 220, 222 (5th Cir. 2000).

## Discussion

### I.     The *Ex Parte Young* exception applies to this case

Under the Eleventh Amendment, "Federal courts are without jurisdiction over suits against a state, a state agency, or a state official in his official capacity unless that state has waived its sovereign immunity or Congress has clearly abrogated it." *Moore v. Louisiana Bd. of Elementary & Secondary Educ.*, 743 F.3d 959, 963 (5th Cir. 2014). But a relevant exception

here exists under *Ex parte Young*: "a federal court may enjoin a state official in his official capacity from taking future actions in furtherance of a state law that offends federal law or the federal Constitution." *Moore*, 743 F.3d at 963. This exception only applies to state officials, and "[w]hether state defendants are entitled to sovereign immunity is a question of law, reviewed *de novo* on appeal." *Id.*

While the *Ex parte Young* doctrine is a "necessary exception to Eleventh Amendment immunity," the "exception is narrow." *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993). "It applies only to prospective relief, does not permit judgments against state officers declaring that they violated federal law in the past, and has no application in suits against the States and their agencies, which are barred regardless of the relief sought" *Id.* (internal citations omitted). The *Ex parte Young* exception is "focused on cases in which a violation of federal law by a state official is ongoing as opposed to cases in which federal law has been violated at one time or over a period of time in the past . . . ." *Papasan v. Allain*, 478 U.S. 265, 277–78 (1986); *see also Williams ex rel. J.E. v. Reeves*, 954 F.3d 729, 737 (5th Cir. 2020). "Plaintiffs must allege that 'the defendant is *violating* federal law, not simply that the defendant has done so' at some point in the past[.]" *Reeves*, 954 F.3d 729, 738 (quoting *NiGen Biotech, L.L.C. v. Paxton*, 804 F.3d 389, 394 (5th Cir. 2015)). However, actual threat of or imminent enforcement is "not required." *Air Evac EMS, Inc. v. Texas, Dep't of Ins., Div. of Workers' Comp.*, 851 F.3d 507, 519 (5th Cir. 2017).

Any of Calhoun's claims seeking declaratory relief based on purported constitutional violations occurring in the past, as well as any requests for monetary damages, are barred by the Eleventh Amendment. *Reeves*, 954 F.3d at 737; *see also Clay v. Texas Women's Univ.*, 728 F.2d 714, 715 (5th Cir. 1984) ("The [E]leventh [A]mendment clearly interposes a jurisdictional bar to suits against a state by private parties who seek monetary relief from the state

in the form of compensatory damages, punitive damages, or monetary awards in the nature of equitable restitution . . .”). However, her claims to enjoin a future action that might violate her constitutional rights may proceed. *Papasan*, 478 U.S. at 277–78.

## II.    Calhoun provides evidence that her procedural due process rights were violated, which precludes summary judgment

“[E]ven assuming Plaintiff could allege a continuing violation,” the district court held that “her claims fail in any event.” *Calhoun*, 2022 WL 2823580, at *5.[1] Therefore, the district court denied Calhoun’s Rule 59(e) motion as futile. The district court held that “even if Plaintiff were to seek to amend her complaint or if the Court assumes that there is a threat that Plaintiff will continue to be denied some withdrawals from her account, she has failed to show that any such actions are constitutional violations.” *Id.* at *5.

We disagree with the district court. Calhoun’s proposed second amended complaint alleges a continuing constitutional violation.[2] “A § 1983 action may be brought for a violation of procedural due process. . . . In procedural due process claims, the deprivation by state action of a constitutionally protected interest in ‘life, liberty, or property’ is not in itself

---

[1] We assume without deciding that Calhoun failed to provide enough factual evidence regarding an ongoing violation of her rights in her first amended complaint.

[2] For example, in a supplemental response to the opposition to the summary judgment motion, Calhoun attached an affidavit attesting that she had been denied another withdrawal request without a hearing during the pendency of the summary judgment motion. *Lester v. Wells Fargo Bank, N.A.*, 805 F. App’x 288, 291 (5th Cir. 2020) (“A non-conclusory affidavit can create genuine issues of material fact that preclude summary judgment, even if the affidavit is self-serving and uncorroborated.”); *see also McClendon v. United States*, 892 F.3d 775, 784 (5th Cir. 2018) (adopting the proposition that a “taxpayer’s self-serving and uncorroborated, but not conclusory, statements in an affidavit or deposition can create an issue of material fact”).

unconstitutional; what is unconstitutional is the deprivation of such an interest *without due process of law*." *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). This type of protection is also referred to as "a guarantee of fair procedure." *Id.* And it applies here because inmates have a protected property interest in the funds in their prison trust fund accounts, entitling them to due process with respect to any deprivation of the use of those funds. *Morris v. Livingston*, 739 F.3d 740, 750 (5th Cir. 2014) ("We assume *arguendo* that inmates have a protected property interest in the funds in their prison trust fund accounts, entitling them to due process with respect to any deprivation of these funds."); *see also Rosin v. Thaler*, 417 F. App'x 432, 434 (5th Cir. 2011) ("A prisoner has a protected property interest in the funds in his prison account."); *McCrae v. Hankins*, 720 F.2d 863, 869 (5th Cir. 1983) (when a prisoner possesses personal property, "they enjoy a protected interest in that property that cannot be infringed without due process"), *abrogated on other grounds by Augustine v. Doe*, 740 F.2d 322 (5th Cir. 1984).

Calhoun argues that she is entitled to an opportunity to be heard when she submits requests for withdrawals, but Appellees contend that Calhoun had the opportunity to be heard when she was subject to the original disciplinary hearing in December of 2019. The district court relied on *Morris v. Livingston* for the proposition that "the Fifth Circuit has implied the sufficiency of the due process procedure for inmate trust fund withdrawals" and that "the Fifth Circuit held that the prison system may take funds from an inmate's trust fund account for medical care and specifically rejected any due process challenges." *Calhoun*, 2022 WL 2823580, at *7 (discussing *Morris*, 739 F.3d at 750–51). *Morris* is distinguishable. As the *Morris* court noted, "Morris's attack is on the statute itself. . . . He does not attack the regulation that the prison adopted . . . or the regulation's effect on him." 739 F.3d at 750. "[B]ecause Morris does not challenge the regulation's effect on him, we are not presented here with any question about . . . how the prison

No. 22-50634

has executed its policy." *Id.* at 751 n.13. Before the court here, however, is a procedural due process challenge on how the prison has executed its policy.

Calhoun does not contest that she was provided adequate due process during the disciplinary hearing in December of 2019. Appellees are using that hearing as a justification for why Calhoun is now not entitled to receive a hearing—or any due process—on her withdrawal denials. This cannot be so. One instance of providing due process in the past does not justify permanent deprivation of an inmate's opportunity to be heard prior to the decision on a future withdrawal request.

"Due process, as this Court often has said, is a flexible concept that varies with the particular situation." *Zinermon*, 494 U.S. at 127. To determine what procedural protections the Constitution requires in a particular case generally requires consideration of three distinct factors:

> First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Mathews v. Eldridge*, 424 U.S. 319, 335 (1976). "Applying this test, the Court usually has held that the Constitution requires some kind of a hearing *before* the State deprives a person of liberty or property." *Zinermon*, 494 U.S. at 127. Calhoun's property interests are undoubtedly at stake, and, considering the evidence that was before the district court, it cannot be said as a matter of law that the procedures were adequate, there were alternative safeguards, or that

No. 22-50634

the administrative burden would be too great. It is up to a factfinder to determine whether Calhoun can prove her case.

### III. The court erred in not vacating the judgment and granting Calhoun leave to amend her pleadings

Calhoun litigated *pro se* through the first appeal. After remand, Calhoun then retained a lawyer about four months before Appellees filed their motion for summary judgment and around five months before Calhoun filed her opposition to the motion for summary judgment. During this time, Calhoun did not file a motion for leave to file a second amended complaint. Instead, she waited until after the district court granted Appellees' summary judgment motion and entered final judgment in the case. Then she filed a motion for leave to file a second amended complaint and a Rule 59(e) motion to alter or amend the district court's judgment.

> In this Circuit, when a district court dismisses the complaint, but does not terminate the action altogether, the plaintiff may amend under Rule 15(a) with permission of the district court. When a district court dismisses an action and enters a final judgment, however, a plaintiff may request leave to amend only by either appealing the judgment, or seeking to alter or reopen the judgment under Rule 59 or 60.

*Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003) (internal citation omitted). Here, on the same day as issuing its summary judgment order, the district court issued a final judgment dismissing the case with prejudice. In *Dussouy v. Gulf Coast Inv. Corp.*, the court dealt with a similar situation:

No. 22-50634

> In this case, a judgment of dismissal had been entered at the time of the offered amendment. Granting the plaintiff's motion, therefore, would require the trial court to vacate the judgment. On the day of the judgment, the plaintiff properly moved the court to do so. Where judgment has been entered on the pleadings, a holding that the trial court should have permitted amendment necessarily implies that judgment on the pleadings was inappropriate and that therefore the motion to vacate should have been granted. Thus the disposition of the plaintiff's motion to vacate under rule 59(e) should be governed by the same considerations controlling the exercise of discretion under rule 15(a). Consequently, our discussion of the motion under rule 15(a) applies equally to the motion under rule 59(e).

660 F.2d at 596 n.1 (internal citation omitted). In short, "under these circumstances, the considerations for a Rule 59(e) motion are governed by Rule 15(a)[.]" *Rosenzweig*, 332 F.3d at 864. As the Court has held,

> Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded. If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'

9

*Foman v. Davis*, 371 U.S. 178, 182 (1962) (internal citation omitted). And as this Circuit has held, "A litigant's failure to assert a claim as soon as he could have is properly a factor to be considered in deciding whether to grant leave to amend [but] [m]erely because a claim was not presented as promptly as possible, however, does not vest the district court with authority to punish the litigant." *Carson v. Polley*, 689 F.2d 562, 584 (5th Cir. 1982). For example, "Amendment can be appropriate as late as trial or even after trial. Instances abound in which appellate courts on review have required that leave to amend be granted after dismissal or entry of judgment." *Dussouy*, 660 F.2d at 598 (internal citations omitted). While this court reviews the denial of the Rule 59(e) or 15(a) motions for abuse of discretion—with a bias in favor of granting leave to amend—"'Discretion' may be a misleading term, for rule 15(a) severely restricts the judge's freedom. . . . Thus, unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial." *Id.* at 597–98.

Calhoun's counsel could have filed an amended complaint before summary judgment, but "[m]erely because a claim was not presented as promptly as possible, however, does not vest the district court with authority to punish the litigant." *Carson*, 689 at 584. As the Court has instructed, "leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded." *Foman*, 371 U.S. at 182. Calhoun pleads continuing constitutional harms in her second amended complaint, and she provides evidence in the form of a recent denial of a withdrawal request without a hearing. Considering the law and the allegations laid out in the proposed amended complaint, amendment is not necessarily futile. The district court erred in not granting Calhoun's Rule 59(e) motion and permitting her to file an amended pleading.

No. 22-50634

## Conclusion

The judgment is VACATED. The district court is REVERSED as to its denial of Calhoun's Rule 59(e) motion and is directed to docket Calhoun's second amended complaint.