# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 29, 2025

Lyle W. Cayce
Clerk

No. 22-30125

Gregory Savage,

*Plaintiff—Appellee*,

*versus*

Gary Westcott, *Secretary, Louisiana Department of Public Safety and Corrections*; Darrel Vannoy, *Warden, Louisiana State Penitentiary, in his individual capacity*; Joseph Lamartiniere, *Deputy Warden, in his individual capacity*; Tim Delaney, *Deputy Warden, in his individual capacity*; Shirley Coody, *Assistant Warden, in her individual capacity*; Saundra Rosso, *Inmate Banking, in her individual capacity*; Heather Hood, *Attorney for Secretary, in her individual capacity*; Lucius L. Morris, II, *Louisiana Department of Revenue, in his individual capacity*,

*Defendants—Appellants*.

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:20-CV-811

Before Richman, Haynes, and Graves, *Circuit Judges*.
Priscilla Richman, *Circuit Judge*:

Gregory Savage, an inmate at the Louisiana State Penitentiary at Angola (Angola Prison), sold leather belts at the Angola Prison Rodeo while incarcerated. He brought a claim under 42 U.S.C. § 1983 alleging that prison

No. 22-30125

officials illegally confiscated a portion of his earnings and that the officials conspired to deny him due process.  The prison officials filed a motion to dismiss on the grounds of qualified immunity and failure to state a claim, which the district court denied in relevant part.  The defendants brought this interlocutory appeal.  Because we conclude that the defendants were entitled to qualified immunity, we reverse in part and remand for further proceedings.

## I

Savage has been incarcerated at Angola Prison since 1989.  From 1996 to 2019, he sold leather belts at the Angola Prison Rodeo where inmates were permitted to sell arts and crafts to attendees.  The gross receipts from his sales were approximately $80,000 during that time, and he alleges that prison officials illegally confiscated approximately $16,000 of that amount "under the guise of taxes and commissions."

Savage filed an Administrative Remedy Procedure (ARP) grievance in 2018 and alleged his personal property had been illegally seized without a due process hearing.  The prison denied the request for an administrative remedy, stating that the percentage taken out "was implemented to pay taxes to both state and parish for hobbycraft sold, fees for using credit card machines to handle transactions and the commission is for the maintenance of the grounds, building and parking areas at the Rodeo grounds."  It also explained what percentage of the funds were used for each purpose.

Savage asked for a second-step review of his grievance, stating that "[a]ll expenses associated with the Rodeo are paid from the Rodeo Fund" and that "[o]ffenders are not obligated to pay any expenses."  The prison officials denied the request for relief asserting that their previous response was "clear and concise" and had "addressed [his] request appropriately."  This exhausted Savage's administrative remedies.

2

No. 22-30125

Next, Savage filed a petition for writ of mandamus in Louisiana state court requesting restitution or that prison officials "show cause to the contrary." In the writ, Savage argued that, under Louisiana Revised Statute § 15:874,[1] the prison officials "exceeded their authority when they deducted funds from his Compensation Account to pay expenses of the Angola Prison Rodeo." The Commissioner of the state court set a briefing schedule to rule on the papers rather than scheduling a hearing. At the time briefs were submitted in this court, that lawsuit was still pending.

When no further action was taken in the state court proceeding for over a year, Savage filed his complaint pro se in federal district court. In the federal district court, Savage brought a claim under 42 U.S.C. § 1983 alleging that "each of the Prison Officials in this case had contributed to deny him due process to redress the unlawful seizure of his property." The conduct relevant to this appeal that Savage alleges led to the due process violation includes:

(1) Darrel Vannoy, the head Warden, denied Savage's first-step grievance despite admitting to confiscating the funds, knew or should have known the grievance was meritorious, told another defendant that there was no legal authorization to confiscate the funds, denied Savage a restitution hearing, and instructed other defendants to remain silent about the scheme;

(2) Heather Hood, an attorney for the Secretary of the Department of Public Safety and Corrections, denied Savage's first-step and second-step grievance, mutually agreed with LeBlanc to contact the state court

_____

[1] LA. STAT. ANN. § 15:874 (2012) (dealing with an inmate's "compensation account," requiring that records are to be kept of "the skill and industry of each inmate at his work and the time spent at such work" and of certain wages, and providing detailed procedures regarding deductions, allocations to a savings account, withdrawals, interest, and other aspects of the account).

No. 22-30125

Commissioner and instructed her to convert Savage's petition for mandamus action to a petition for judicial review, ensured Savage did not receive a hearing at the first or second-step grievance or in state court, knew or should have known the grievance was meritorious, and retained Morris to author a false affidavit in state court;

(3) James LeBlanc, Secretary of the Department of Public Safety and Corrections, denied Savage's second-step grievance, mutually agreed with Hood to contact the state court Commissioner and instructed her to convert Savage's petition for mandamus action to a petition for judicial review, and ensured Savage would not receive a hearing at the second-step grievance or in state court;

(4) Lucius Morris, II, an attorney for the Department of Revenue, helped Hood file a false affidavit in state court which he knew or should have known was false;

(5) Saundra Rosso, an inmate banking employee, seized the funds on behalf of the prison officials, prepared the first-step denial at the direction of other prison officials, and knew or should have known the scheme was illegal but concealed it;

(6) Joseph Lamartiniere, a deputy warden, approved the first-step denial and knew or should have known the scheme was illegal but concealed it;

(7) Shirley Coody, an assistant warden, approved the first-step denial and knew or should have known the scheme was illegal but concealed it; and

(8) Tim Delaney, a deputy warden, knew or should have known the scheme was illegal but concealed it.

Savage requests declaratory relief, injunctive relief, and damages.

4

No. 22-30125

In the district court, the defendants filed a motion to dismiss under Rule 12(b)(6) based on qualified immunity and failure to state a claim,[2] which Savage opposed. A magistrate judge issued a report and recommendation, which recommended granting the motion to dismiss as to any standalone allegations that the prison grievance was denied and denying the motion to dismiss as to the claim of conspiracy and qualified immunity for the eight defendants described above (collectively, Defendants). The Defendants objected to the report and recommendation, but Savage did not object. The district court adopted the report and recommendation as the opinion of the court. The parties dispute which claims against the Defendants, if any, were dismissed. The Defendants timely filed this interlocutory appeal.

The district court had jurisdiction under 28 U.S.C. §§ 1331 and 1343(a)(3). "[A] district court's denial of a claim of qualified immunity . . . is an appealable 'final decision' within the meaning of 28 U.S.C. § 1291."[3] "'[W]e cannot challenge the district court's assessments regarding the sufficiency of the evidence—that is, the question whether there is enough evidence in the record for [the factfinder] to conclude that certain facts are true.'"[4] "'[W]e have jurisdiction only to decide whether the district court erred in concluding as a matter of law that officials are not entitled to qualified immunity on a given set of facts.'"[5] "This limitation on our jurisdiction is

---

[2] *See* FED. R. CIV. P. 12(b)(6).

[3] *Armstrong v. Ashley*, 918 F.3d 419, 422 (5th Cir. 2019) (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985)).

[4] *McMurry v. Weaver*, 142 F.4th 292, 298 (5th Cir. 2025) (quoting *Kinney v. Weaver*, 367 F.3d 337, 347 (5th Cir. 2004) (en banc)).

[5] *Id.* (quoting *Kinney*, 367 F.3d at 347).

often described as allowing us to 'review the materiality of any factual disputes, but not their genuineness.'"[6]

## II

"The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'"[7]    A public official is entitled to qualified immunity unless "(1) the plaintiff alleged a violation of a constitutional right; and (2) that right was 'clearly established' at the time of the alleged violation."[8] "We may address either prong first."[9] We review "de novo the district court's denial of a motion to dismiss on qualified immunity grounds . . ., accepting all well-pleaded facts as true and viewing them in the light most favorable to the plaintiff."[10]

Savage alleges that Defendants violated his Fourteenth Amendment due process rights.  On appeal, Savage argues that he was denied both pre-deprivation and post-deprivation due process.  However, in the district court, Savage alleged only a denial of post-deprivation due process, as can be seen from the specific allegations as to each defendant.  No allegation regarding a defendant mentions deprivation of due process prior to the alleged improper deductions.  When asked at oral argument to show when in the district court proceeding Savage raised a pre-deprivation claim, counsel cited only to

---

[6] *Id.* (quoting *Kinney*, 367 F.3d at 347).

[7] *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).

[8] *McKay v. LaCroix*, 117 F.4th 741, 746 (5th Cir. 2024).

[9] *Id.*

[10] *Bevill v. Fletcher*, 26 F.4th 270, 274 (5th Cir. 2022).

(1) language from the complaint stating that "prison officials conspired to deprive Plaintiff of his property without due process of law in violation of Plaintiff's Fourteenth Amendment Rights," (2) language from the complaint alleging that the Defendants had no authorization to take the funds, and (3) language from Savage's motion to dismiss opposition stating that Defendants deprived Savage of his property without due process. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."[11] However, even under this liberal standard, Savage's general and conclusory allegations in his complaint that he was deprived of due process are inadequate to assert a pre-deprivation due process claim.[12] Accordingly, the defendants were entitled to qualified immunity as to any claim of pre-deprivation due process.

### III

As to Savage's post-deprivation due process claims, viewing the facts in the light most favorable to Savage, he has alleged that Defendants interfered with and improperly controlled the grievance process regarding Savage's rodeo earnings, as well as the ongoing state-court proceedings, and conspired in doing so. To survive a motion to dismiss based on qualified immunity, Savage must show both that the Defendants' actions violated his right to due process and that this right was clearly established at the time of Defendants' actions.

---

[11] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted).

[12] *Rollins v. Home Depot USA*, 8 F.4th 393, 397 (5th Cir. 2021) ("A party forfeits an argument by failing to raise it in the first instance in the district court—thus raising it for the first time on appeal—or by failing to adequately brief the argument on appeal.").

"To state a Fourteenth Amendment due process claim under § 1983, a plaintiff must first identify a protected life, liberty or property interest and then prove that governmental action resulted in a deprivation of that interest."[13]  "In procedural due process claims, 'the deprivation by state action of a constitutionally protected interest in life, liberty, or property is not in itself unconstitutional; what is unconstitutional is the deprivation of such an interest *without due process of law*.'"[14]

We conclude that at the time of the alleged violations, the law was not clearly established that Savage had a property interest in the proceeds from the sale of belts he made as a prison inmate using materials furnished by the prison and sold at an event sponsored by the prison.[15]  Long after the events at issue, our court held that "inmates have a protected property interest in the funds in their prison trust fund accounts, entitling them to due process with respect to any deprivation of the use of those funds" when an inmate was denied notice and an opportunity to be heard after trying to withdraw money from her trust fund.[16]  However, even that decision did not directly address whether an inmate has a due process right when deductions of the

---

[13] *Morris v. Livingston*, 739 F.3d 740, 749-50 (5th Cir. 2014) (quoting *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010)).

[14] *Id.* at 750 (emphasis in original) (quoting *Zinermon v. Burch*, 494 U.S. 113, 125 (1990)).

[15] *Compare Rosin v. Thaler*, 417 F. App'x 432, 434 (5th Cir. 2011) ("A prisoner has a protected property interest in the funds in his prison account."), *with Nutall v. Maye*, 515 F. App'x 252, 254 (5th Cir. 2012) (considering whether a prison may withhold wages and reasoning that it would be "strange" to constitutionally prohibit prisons from withholding wages when prisons can terminate employment and withhold all wages without implicating a protected property interest), *and Guzman v. Hollingsworth*, 231 F. App'x 382, 383 (5th Cir. 2007) ("Given the discretion of prison officials with respect to job assignments and wage determinations, [appellant] has failed to show that the 90-day reduction in his wages deprived him of any interest subject to the protections of the Due Process Clause.").

[16] *Calhoun v. Collier*, 78 F.4th 846, 850, 852 (5th Cir. 2023).

No. 22-30125

nature alleged were from proceeds of the sale of crafts or goods an inmate created while in prison. Accordingly, the law was not clearly established that denying a post-deprivation hearing or conspiring to deny a post-deprivation hearing violates an inmate's constitutional rights.

## IV

Savage also seeks declaratory and injunctive relief. Issues regarding those requests for relief are not before us because our review is limited to the question of qualified immunity. We note, however, that in the briefing in our court as to whether Savage had a right to due process and whether that right was violated, none of the parties addressed Supreme Court precedent regarding how or when takings claims against state actors under the Fourteenth Amendment may be brought in federal court.[17]

*     *     *

The district court's order denying qualified immunity is REVERSED, and the case is REMANDED.

---

[17] *See generally DeVillier v. Texas*, 601 U.S. 285 (2024); *Knick v. Twp. of Scott, Pa.*, 588 U.S. 180 (2019).